Jerome L. ARCHAMBAULT,
Plaintiff-Appellant,

v.

UNITED COMPUTING SYSTEMS, INC.,
Defendant-Appellee.

No. 82-5378

Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Jan. 14, 1983.

Joseph Egan, Jr., Pilacek, Egan, Cohen & Williams, Orlando, Fla., for plaintiff-appellant.

Michael G. Williamson, Maguire, Voorhis & Wells, Orlando, Fla., Byron J. Beck, Morrison, Hecker, Curtis, Kuder & Parrish, Kansas City, Mo., for defendant-appellee.

Before RONEY, VANCE and ANDERSON, Circuit Judges.

PER CURIAM:

In this age discrimination suit brought pursuant to 29 U.S.C.A. § 626(c)(1), a magistrate served as a special master under 28 U.S.C.A. § 636(b)(2), apparently with the consent of the parties. The findings of such a special master are entitled to the same deference as those of the typical factfinder, reviewable by a district court under the clearly erroneous standard. Fed. R.Civ.P. 53(e)(2) ("[T]he court shall accept the master's findings of fact unless clearly erroneous."). Contrast this with the designation of a magistrate to conduct hearings under 28 U.S.C.A. § 636(b)(1) where, on objection to the magistrate's findings, the district court must "make a de novo determination." *E.g., Nettles v. Wainwright,* 677 F.2d 404, 409 (5th Cir. Unit B 1982) (en banc).

The magistrate here made an express finding of discrimination. The district court correctly reviewed that finding under the then law of this Circuit which provided that discrimination was an issue of

"ultimate fact" to which the clearly erroneous standard of appellate review did not apply. *E.g., Thompson v. Leland Police Department,* 633 F.2d 1111, 1112 (5th Cir. 1980); *East v. Romine, Inc.,* 518 F.2d 332, 338–39 (5th Cir.1975); *Causey v. Ford Motor Co.,* 516 F.2d 416, 421 (5th Cir.1975).[1] Shortly thereafter, however, the Supreme Court rejected this Circuit's approach, concluding that a finding of discrimination is reviewable only for clear error. *Pullman-Standard v. Swint,* 456 U.S. 273, 282, 102 S.Ct. 1781, 1787, 72 L.Ed.2d 66, 78–79 (1982). Although *Swint* concerned Title VII of the 1964 Civil Rights Act, not the Age Discrimination Employment Act (ADEA), there is no reason to distinguish between findings under the two statutes for appellate review purposes. *Cf. Smith v. Farah Manufacturing Co.,* 650 F.2d 64, 68 (5th Cir.1981) (in a pre-*Swint* decision, viewing the existence of age discrimination under the ADEA as an issue of ultimate fact, like the existence of race or other discrimination under Title VII).

We therefore must remand to the district court for reconsideration of the magistrate's finding of discrimination in light of the standard of review set forth in *Swint*.

VACATED AND REMANDED.

1. The Eleventh Circuit, in the en banc decision of *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981), adopted as precedent the decisions of the former Fifth Circuit decided prior to October 1, 1981.