Marina COOPER–HOUSTON,
Plaintiff–Appellant,

v.

SOUTHERN RAILWAY COMPANY,
Defendant–Appellee.

No. 93–8423.

United States Court of Appeals,
Eleventh Circuit.

Nov. 3, 1994.

Harlan S. Miller, III, Allan Leroy Parks, Jr., Theresa L. Kitay, Kirwan, Goger, Chesin & Parks, P.C., Atlanta, GA, for appellant.

Catherine K. Anderson, Patricia B. Cunningham, Carey P. DeDeyn, Sutherland, Asbill & Brennan, Atlanta, GA, for appellee.

Before TJOFLAT, Chief Judge, and KRAVITCH, Circuit Judge, and CLARK, Senior Circuit Judge.

PER CURIAM:

In this employment discrimination action Marina Cooper–Houston contends that she was fired from her job at Southern Railway because of her race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* The district court entered judgment in favor of the Southern Railway Company, 822 F.Supp. 715. We REVERSE and REMAND.

Cooper–Houston began her career at Southern Railway as a key punch operator in 1969. In 1983 she was assigned to the company's internal police department as a special agent and worked at company headquarters

in Atlanta. In May of 1985, Cooper–Houston was transferred to the Georgia Division of the police department and worked under the supervision of R.L. Waggoner, Division Chief of Police. Chief Waggoner fired Cooper–Houston in 1989 for breaching the company confidentiality policy by revealing facts concerning an on going drug investigation to non-police personnel. After her termination she filed the instant action.

The case was tried by a magistrate judge sitting as a special master, pursuant to Internal Operating Procedure 920–2 of the Northern District of Georgia.[1] The magistrate judge concluded that Cooper–Houston presented direct evidence of discrimination and recommended that judgment be entered in her favor. The district court reviewing the magistrate judge's report disagreed with the determination that Cooper–Houston had introduced direct evidence of discrimination. Rather, the district court noted that the case should have been analyzed as a circumstantial evidence case.[2] Instead of remanding the case for the application of the proper legal test, however, the district court looked to the record and concluded that, although Cooper–Houston had presented circumstantial evidence of discrimination, she had not proven that Southern Railway had fired her because of her race.

■ Because this case was tried by a magistrate judge sitting as a special master, the district court sat as a reviewing court and was bound to defer to the factual determinations of the magistrate judge unless those findings were clearly erroneous, and to re-

view the legal conclusions de novo.[3] *Archambault v. United Computing Sys., Inc.*, 695 F.2d 551, 552 (11th Cir.1983). The Supreme Court has held that a finding of discriminatory intent is a finding of fact and thus subject to review for clear error. *Pullman–Standard v. Swint*, 456 U.S. 273, 287–88, 102 S.Ct. 1781, 1789, 72 L.Ed.2d 66 (1982).

■ We agree with the district court's conclusion that the magistrate judge erred in finding that Cooper–Houston presented direct evidence of discrimination. The district court was also correct in determining that the case should be analyzed as a circumstantial evidence case. Unless Southern Railway was entitled to judgment as a matter of law, however, the district court erred in resolving the case instead of remanding it to the magistrate judge, the trier of fact, for an application of the correct legal standard.

The Supreme Court has held that "where findings are infirm because of an erroneous view of the law, a remand is the proper course unless the record permits only one resolution of the factual issue." *Kelley v. Southern Pacific Co.*, 419 U.S. 318, 331–32, 95 S.Ct. 472, 479–80, 42 L.Ed.2d 498 (1974). *Pullman–Standard*, 456 U.S. at 292, 102 S.Ct. at 1792. The Court went on to state that "when a district court's finding ... [of discriminatory intent] is set aside for an error of law, the court of appeals is not relieved of the usual requirement of remanding for further proceedings to the tribunal charged with the task of factfinding in the first instance." *Id.* at 293, 102 S.Ct. at 1792. Here

**1.** Rule 920–2 provides:

All cases brought in the Atlanta and Newnan Divisions pursuant to 42 U.S.C. § 2000e–2 (Title VII of the Civil Rights Act of 1964) shall be referred at the time of filing to the full-time magistrates under the authority of 42 U.S.C. § 2000e–5(f)(5) who shall, acting as special masters, hear and decide said cases in their entirety.

**2.** In a direct evidence discrimination case, once a plaintiff produces direct evidence that is believed by the fact-finder, the burden shifts to the defendant to prove as an affirmative defense that he or she would have made the same decision absent the discrimination present. *Price Waterhouse v. Hopkins*, 490 U.S. 228, 243–44, 109

S.Ct. 1775, 1787, 104 L.Ed.2d 268 (1989). In a case proven by circumstantial evidence the burden of persuasion never shifts to the defendant. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093–94, 67 L.Ed.2d 207 (1981).

**3.** In cases in which legal error taints the fact-finding process, factual findings may be given de novo review. *Lincoln v. Board of Regents*, 697 F.2d 928, 938–39 n. 13 (11th Cir.), *cert. denied*, 464 U.S. 826, 104 S.Ct. 97, 78 L.Ed.2d 102 (1983). In this case there is no indication that the district court intended to review the factual findings de novo. It did not determine that legal error tainted the fact-finding process but merely stated that the magistrate's finding of discrimination was clearly erroneous.

the magistrate judge's findings are infirm because of an erroneous view of the law. Therefore a remand is the proper course unless the record compels entry of judgment for Southern Railway.

■ In considering whether Southern Railway was entitled to judgment as a matter of law, all inferences are to be drawn in favor of Cooper–Houston. *Carter v. City of Miami,* 870 F.2d 578, 581 (11th Cir.1989). If Cooper–Houston presented " 'evidence of such quality and weight that reasonable and fair-minded [people] in the exercise of impartial judgment might reach different conclusions,' " judgment as a matter of law against her was improper. *Verbraeken v. Westinghouse Elec. Corp.,* 881 F.2d 1041, 1045 (11th Cir.1989) (quoting *Boeing Co. v. Shipman,* 411 F.2d 365, 374–75 (5th Cir.1969)). However, to create a question resolvable only by the trier of fact Cooper–Houston must have presented "substantial evidence" of discrimination. *Carter,* 870 F.2d at 581.

To present a circumstantial case of discrimination, a plaintiff must first establish a prima facie case. Cooper–Houston made this showing by setting forth evidence that she is black, that she was qualified for her job, that she was terminated and that she was replaced by a white person.[4] *See St. Mary's Honor Center v. Hicks,* —— U.S. ——, ——, 113 S.Ct. 2742, 2747, 125 L.Ed.2d 407 (1993); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). The burden of production then shifted to Southern Railway to articulate a non-discriminatory reason for Cooper–Houston's termination. *Hicks,* —— U.S. at ——, 113 S.Ct. at 2748; *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 253–55, 101 S.Ct. 1089, 1093–95, 67 L.Ed.2d 207 (1981). Southern Railway satisfied this bur-

den by stating that Cooper–Houston was fired because she had violated the company's confidentiality policy by leaking information regarding an ongoing investigation. Cooper–Houston was then obligated to present evidence that Southern Railway's legitimate reasons were not what actually motivated its conduct. *Hicks,* —— U.S. at ——, 113 S.Ct. at 2747–48; *Burdine,* 450 U.S. at 256, 101 S.Ct. at 1095. She presented evidence that she was treated less favorably than her white co-worker in terms of work schedule, job assignments, absences, lateness and that her conduct was generally given greater scrutiny. Cooper–Houston also presented evidence that racially derogatory remarks were made by her co-workers, including comments by Chief Waggoner.

The district court did not conclude that the magistrate judge's findings that Cooper–Houston was treated less favorably than her white counterpart and that Chief Waggoner used racial slurs were clearly erroneous. In fact, the district court evaluated the evidence presented by Cooper–Houston and concluded that Chief Waggoner "did not hold black people in equal respect." It stated, however, that there "was no evidence that the chief's general attitudes played a part in the decision," and therefore entered judgment for Southern Railway. In reaching this conclusion, the district court exceeded its proper role as a reviewing body because a finder of fact could have concluded that Chief Waggoner's termination of Cooper–Houston was motivated by racial animus.[5]

Based on our review of the record in this case we cannot conclude that Southern Railway was entitled to judgment as a matter of law. The conflicting evidence presented mandates that a fact-finder resolve the contrary explanations for Cooper–Houston's ter-

---

4. Southern argues that Cooper–Houston failed to make out a prima facie case. It contends that she had to demonstrate either she did not violate the work rule, or that employees outside of the protected class that engaged in similar misconduct were treated with less severity, citing *Jones v. Gerwens,* 874 F.2d 1534, 1539–40 (11th Cir. 1989). The holding in *Jones,* however, applies only to Title VII cases in which a plaintiff has not been terminated and therefore cannot show that he or she was replaced by a person outside of the protected class.

5. A review of the district court's order in this case demonstrates that it did not confine itself to the role of a reviewing court. The district court stated that its duty was to determine what motivated Chief Waggoner to fire Cooper–Houston when, in fact, that task should have fallen to the trier of fact. Further, the district court referred to itself as a trier of fact and a finder of fact in several passages of the order.

mination. Therefore we REVERSE the judgment of the district court and REMAND this case for proceedings consistent with this opinion.

CLARK, Senior Circuit Judge, dissenting:

Respectfully, I disagree with the majority's view that this case should be remanded for the Magistrate Judge to analyze the evidence in this case as a circumstantial evidence case as permitted by the *McDonnell Douglas* case.

I agree with the majority's statement on page 605 that the plaintiff made out a prima facie circumstantial case under *McDonnell Douglas.* The panel then holds: "The burden of production then shifted to Southern Railway to articulate a non-discriminatory reason for Cooper–Houston's termination. (citing cases) Southern Railway satisfied this burden by stating that Cooper–Houston was fired because she violated the company's confidentiality policy by leaking information regarding an on going investigation."

The panel errs by suggesting that plaintiff rested her case immediately after making out a prima facie case under *McDonnell Douglas.* Instead, without interrupting her case, plaintiff proceeded with her offer of evidence by direct evidence that her superior had an animus against members of the black race as demonstrated by remarks he made and how she was treated differently than whites in the office where she worked. The transcript indicates that plaintiff's case consisted of 231 pages with five witnesses, after which she rested her case. The defendant offered no evidence until plaintiff rested. Defendant's case consisted of two witnesses and 50 pages. The plaintiff, before resting her case, proved both a prima facie case and a direct evidence case.

The Supreme Court in *Texas Dept. of Community Affairs v. Burdine,* said the following with respect to shifting burdens of proof:

> Establishment of the prima facie case in effect creates a presumption that the employer unlawfully discriminated against the employee. If the trier of fact believes the plaintiff's evidence, and if the employer is silent in the face of the presumption, the court must enter judgment for the plaintiff because no issue of fact remains in the case.

> The burden that shifts to the defendant, therefore, is to rebut the presumption of discrimination by producing evidence that the plaintiff was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason. The defendant need not *persuade* the court that it was actually motivated by the proffered reasons. *See* [*Board of Trustees of Keene State College v.*] *Sweeney, supra,* [439 U.S. 24] at 25, 99 S.Ct. [295] at 296 [58 L.Ed.2d 216 (1978) ]. It is sufficient *if the defendant's evidence raises a genuine issue of fact* as to whether it discriminated against the plaintiff. To accomplish this, the defendant must clearly set forth, through the introduction of admissible evidence, the reasons for the plaintiff's rejection. The explanation provided must be legally sufficient to justify a judgment for the defendant. If the defendant carries this burden of production, the presumption raised by the prima facie case is rebutted, and the factual inquiry proceeds to a new level of specificity. Placing this burden of production on the defendant thus serves simultaneously to meet the plaintiff's prima facie case by presenting a legitimate reason for the action and to frame the factual issue with sufficient clarity so that the plaintiff will have a full and fair opportunity to demonstrate pretext. The sufficiency of the defendant's evidence should be evaluated by the extent to which it fulfills these functions.

> The plaintiff retains the burden of persuasion. She now must have the opportunity to demonstrate that the proffered reason was not the true reason for the employment decision. This burden now merges with the ultimate burden of persuading the court that she has been the victim of intentional discrimination. She may succeed in this either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence.

450 U.S. 248, 256, 101 S.Ct. 1089, 1094–95 (emphasis added) (footnotes omitted).

The confusion with respect to the different burdens of proof stems from whether one is addressing the burden of producing evidence or one is addressing the burden of persuasion. Many of us in writing about these subjects use the phrase "burden of proof" to encompass both subjects. In an ordinary lawsuit the plaintiff must produce sufficient evidence to obtain a judgment if the defendant fails to offer any evidence. If she has, she has produced the facts and persuaded the judge that she should prevail. Instead, if the defendant produces evidence in opposition to plaintiff's, the plaintiff has to persuade by a preponderance of the evidence that her evidence is more truthful.

In some cases, a rule of law creates a presumption that a plaintiff has "made out her case" by the proof of certain facts which, if uncontested by defendant, will result in a judgment for plaintiff. This is called a "prima facie" case and the *McDonnell Douglas* case authorizes a plaintiff to recover by proving a limited set of facts and temporarily shifting the burden to the defendant of proving that there was no discrimination in the hiring or discharging of the plaintiff.

The case under review was not tried as a prima facie case. Instead, plaintiff made out both a prima facie case and a case containing sufficient facts. In discussing the two ways of proving discrimination in *Smith v. Horner,* 839 F.2d 1530 (11th Cir.1988), Judge Tuttle had the following to say in Note 11 on page 1537 of his opinion:

> Of course, the method which a plaintiff chooses to establish a prima facie case affects only the *internal* structure of the legal analysis. The *external* structure, representing the question of whether the defendant has intentionally discriminated against the plaintiff, remains the same under both *Lee* [v. Russell County Board of Education, 684 F.2d 769 (11th Cir.1982) ] and *McDonnell Douglas.* Thus, Smith's use of her testimony as evidence of pretext rather than direct evidence of discrimination should not change the overall result.

As earlier stated, the case being reviewed was fully tried as an ordinary lawsuit and there was no shifting of burdens except from the plaintiff when she rested.

In *U.S. Postal Service Bd. of Governors v. Aikens,* the Court indicated that attention to burdens of proof is not warranted after the case has been fully tried.

> Because this case was fully tried on the merits, it is surprising to find the parties and the Court of Appeals still addressing the question whether Aikens made out a *prima facie* case. We think that by framing the issue in these terms, they have unnecessarily evaded the ultimate question of discrimination *vel non.*

460 U.S. 711, 713–14, 103 S.Ct. 1478, 1481, 75 L.Ed.2d 403 (1983).

It is my view that there is absolutely no reason for remanding this case to the magistrate judge "to resolve the contrary explanations for Cooper–Houston's termination." [1] I would direct the district court to enter judgment for Cooper–Houston as recommended by the magistrate judge.

---

1. Page 605 of majority opinion.