**Jacquilla FOSTER, Plaintiff,**

v.

**Lloyd M. BENTSEN, Secretary of the Treasury, Defendant.**

**No. 94 C 5585.**

United States District Court, N.D. Illinois, Eastern Division.

Jan. 26, 1996.

---

Craig Jago Beauchamp, Law Offices of Ayesha S. Hakeem, Waukegan, IL, Ayesha Salima Hakeem, Chicago, IL, for plaintiff.

Jacquilla M. Foster, Country Club Hills, IL, Pro Se.

Ann L. Wallace, United States Attorney's Office, Chicago, IL, for defendant.

Arlander Keys, U.S. District Court, Chicago, IL, Pro Se.

## MEMORANDUM OPINION AND ORDER

ASPEN, Chief Judge:

Plaintiff Jacquilla Foster, a revenue agent with the Internal Revenue Service (IRS), brings this race and gender employment discrimination action against the Secretary of

the Treasury under 42 U.S.C. § 2000e–16. The Secretary moved to dismiss the complaint, or in the alternative for summary judgment, and after the parties briefed the motion, we referred the action to the assigned magistrate judge to act as special master pursuant to § 2000e–5(f)(5) and Federal Rule of Civil Procedure 53. Presently before this court is the plaintiff's objections to the special master's report recommending that we grant the motion to dismiss.[1] For the reasons set forth below, we adopt in part, modify in part, and reject in part.

## I. Procedural History

On January 6, 1994, Foster, an African–American female, initiated contact with an Equal Employment Opportunity (EEO) counselor. In counseling, she raised numerous instances of unfavorable treatment by her supervisor, Group Manager Savannah Johnson, and by a higher-level supervisor, Branch Chief Ron Rossi. Def.'s 12(M), Robinson Aff., Attachment 2, EEO Counseling Report (interview notes). After the informal counseling efforts failed, Foster filed an administrative complaint with the Department of Treasury in February 1994, alleging race and gender discrimination. *Id.,* Robinson Aff., Attachment 1, Individual Complaint.

The EEO Specialist investigating the complaint requested that Foster describe in detail the alleged discriminatory acts. *Id.,* Robinson Aff., Attachment 3. The plaintiff's self-written response listed a variety of actions. *Id.,* Robinson Aff., Attachment 4. In June 1994, the Department rendered its final agency decision and dismissed the complaint. *Id.,* Robinson Aff., Attachment 5. From the plaintiff's response, the Department identified ten specific matters raised by Foster, but dismissed each.

Thereafter, Foster filed this suit. The Secretary's motion to dismiss or for summary judgment identifies the same ten allegedly discriminatory matters raised by the plaintiff as those identified by the Department decision. Relying on the Department decision, the Secretary argues that the matters must be dismissed for one or more of a variety of reasons: failure to timely initiate counseling; alleging claims that had already been the subject of another administrative complaint; alleging claims that had already been raised in a negotiated union grievance procedure; and alleging discrimination based merely on a preliminary step to taking a personnel action. Def.'s Memorandum at 3–5. Unfortunately, the Secretary labelled all of these grounds for dismissal as "failure to exhaust administrative remedies," and then expressed confusion over whether a failure to exhaust was jurisdictional in nature or rather treated a a statute of limitations. *Id.* at 5, 7.

In deciding the motion, the special master construed all the asserted grounds for dismissal as failures to exhaust, noted that failure to exhaust Title VII claims rendered courts without subject matter jurisdiction, and accordingly approached the motion as brought under Federal Rule of Civil Procedure 12(b)(1). Special Master Op. at 4. The special master proceeded to make factual findings pertaining to jurisdiction pursuant to Rule 43(e), and concluded that the Department's decision accurately stated grounds for dismissing the ten identified claims. Thus, the special master recommended granting the motion to dismiss for lack of subject matter jurisdiction.

## II. Plaintiff's Objections

Although the plaintiff objects to the recommendation, she articulates only a few specific objections, and these specific arguments are not altogether clear. Generously read, we discern two objections: (1) the plaintiff timely initiated counseling on four allegedly discriminatory acts; and (2) one of the timely-filed acts constitutes a "continuing violation" of other concededly untimely-filed acts. We discuss each objection in turn.

With exceptions not urged in this case, a federal employee must notify an EEO counselor of an allegedly discriminatory act within 45 days of that act. 29 C.F.R. § 1614.105(a)(1). Although failure to meet the 45-day time period will bar subsequent suit on the alleged act, "[t]his deadline is

---

**1.** Although the plaintiff's objections are presented as a motion to reconsider—we earlier adopted the special master's report prior to the expiration of the ten-day period for filing objections—we consider the objections as if presented in the first instance.

construed as a statute of limitations and not as a jurisdictional prerequisite." *Johnson v. Runyon*, 47 F.3d 911, 917 (7th Cir.1995) (citing *Rennie v. Garrett*, 896 F.2d 1057, 1059–60 (7th Cir.1990)). Accordingly, we do not engage in jurisdictional fact-finding on the statute of limitations defense; if we refer to matters outside the complaint to decide whether the limitations period bars certain claims, then we must convert the motion to dismiss to a motion for summary judgment. Fed.R.Civ.P. 12(b); *see Stark v. Dynascan Corp.*, 902 F.2d 549, 550 n. 1 (7th Cir.1990). Because we review the special master's conclusions of law *de novo, Cooper–Houston v. Southern Ry.*, 37 F.3d 603, 604 (11th Cir. 1994); *Morse v. Marsh*, 656 F.Supp. 939, 943 (N.D.Ill.1987), we apply that standard of review to the special master's conclusions—properly treated as summary judgment recommendations—regarding the limitations bar.[2]

■ In the instant case, three of the four acts proffered as timely in the plaintiff's objections fail to fall within the 45–day period; specifically, the act must have occurred on or after November 23, 1993, to be considered as timely raised with the EEO counselor on January 6, 1994. First, the plaintiff seems to argue that, because a 90–day probation period imposed by Group Manager Johnson expired on December 6, 1993, the decision to impose probation was timely raised. Pl.'s Obj. at 2.[3] However, Johnson imposed the probation on September 1, 1993, and that initial decision is not dragged into the 45–day period merely because the probation continued through November 23. Second, the plaintiff apparently maintains that the probation period was extended until December 6, 1993; however, she entirely fails to express when that extension decision was made. *Id.* at 2–3. Similarly, the third act set forth in the plaintiff's objections is the decision to extend the probation period into March 1994. *Id.* at 3. Even if she produced evidence as to when this extension occurred, Foster fails to point to any counseling as to this decision, and thus she has failed to exhaust this claim.

The plaintiff's objections do identify one allegedly discriminatory act falling within the 45–day period. Foster refers to a memorandum written by Branch Chief Ron Rossi on December 14, 1993, in response to a grievance filed by Foster pursuant to her union's collective bargaining agreement. In the memorandum, Rossi denied Foster any relief from her negative annual performance appraisal filed by Johnson. Def.'s 12(M), Rossi Memorandum (attached to EEO Counseling Report). According to the plaintiff, Rossi's decision to uphold the performance appraisal was itself discriminatory, independent from Johnson's discrimination. Pl.'s Obj. at 2, 3. It does appear that Foster raised Rossi's alleged discrimination during counseling, Def.'s 12(M), Robinson Aff., Attachment 2 (EEO counseling report and interview notes), in the administrative complaint, *id.*, Robinson Aff., Attachment 1, and most plainly, in response to the EEO Specialist's request for additional information regarding the administrative complaint, *id.*, Robinson Aff., Attachment 4. Indeed, in the latter response, Foster detailed several examples of allegedly discriminatory treatment by Rossi in order to support her claim that the Rossi memo was discriminatory. *Id.* at 1–2. In addition, the *pro se* complaint filed in this court also targets as discriminatory Rossi's decision to uphold the appraisal. Compl. ¶ 10.

Despite Foster's attempts to raise the December 14 memo as a discriminatory act during the administrative proceedings, the agency's final decision makes no mention of the matter. Similarly, the Secretary's motion to dismiss or for summary judgment addresses only those matters identified by the agency, and thus fails to discuss Rossi's December 14 decision; the plaintiff's re-

---

**2.** A federal employee's failure to exhaust discrimination claims, as distinguished from failure to meet the statute of limitations, is indeed a jurisdictional bar. *Pack v. Marsh*, 986 F.2d 1155, 1157 (7th Cir.1993) (per curiam). To the extent we later review the special master's jurisdictional fact-finding, rather than conclusions of law, as to the plaintiff's failures to exhaust certain claims, we apply the clear error standard. *Cooper–Houston*, 37 F.3d at 604; *Morse*, 656 F.Supp. at 943.

**3.** We have supplied the pagination; the plaintiff failed to number the pages of memorandum in support of her objections.

sponse to the motion also makes no mention of the decision. Correspondingly, the special master's opinion does not discuss the claim.

■ We cannot discern why the December 14 decision should be dismissed as untimely or unexhausted. The decision occurred within the 45–day period, and was thus timely asserted by Foster for counseling. Foster presented the claim to the agency at every turn, thereby exhausting the administrative proceedings as to that claim; the agency's failure to address it cannot be characterized as a failure to exhaust.[4] Presumably, by terminating our reference of this case to him, the Special Master implicitly concluded that the plaintiff has no claims that survive the Secretary's motion. We reject that conclusion because one allegation survives, namely, that Rossi's December 14 decision was discriminatory.[5]

■ As to the remaining arguments raised in the plaintiff's objections, we find them meritless. Foster argues that, if the Rossi decision is timely-a. ed and exhausted, then it also renders Johnson's discriminatory acts as timely under the "continuing violation" doctrine. Pl.'s Obj. at 3. "The continuing violation doctrine allows a plaintiff to get relief for a time-barred act by linking it with an act that is within the limitations period." *Selan v. Kiley*, 969 F.2d 560, 564 (7th Cir. 1992). Although there exist three viable [6] forms of the continuing violation doctrine, the plaintiff does not identify which one she relies upon to support her objections. Presumably, she refers to the third form by arguing that Rossi's December 14 decision was "closely related" to other untimely acts. Pl.'s

Obj. at 4. However, not only does the plaintiff fail to show that the acts were closely related under the relevant factors, *Selan,* 969 F.2d at 565, she fails to meet the threshold circumstance for applying the third continuing violation theory: that the employer has *covertly* followed a practice of discrimination, *id.* at 565. To the contrary, Foster's counseling and administrative complaint proceedings demonstrate that she has long felt that the adverse treatment was discriminatory. Thus, the third continuing violation theory has no application here.

■ Finally, we adopt, with some modifications, the special master's conclusions on the remaining claims. Of the ten matters identified by the Department, the special master agreed that the third, sixth, ninth, and tenth acts were also the subject of grievances filed by Foster pursuant to union procedure. Although ideally the Secretary would have placed those grievances in the record for comparison, the Department's decision references the grievances, and the plaintiff has failed to question whether the grievances covered the acts. In addition, the plaintiff does not seek review of the grievance proceedings in this action; under these circumstances, we agree with the special master that we lack subject matter jurisdiction. *See* 5 U.S.C. § 7121(d); *Johnson v. Peterson,* 996 F.2d 397, 399 (D.C.Cir.1993); *Vineratos v. United States Dep't of the Air Force,* 939 F.2d 762, 768 (9th Cir.1991); *Macy v. Dalton,* 853 F.Supp. 350, 354–55 (E.D.Cal.1994); *Jones v. Department of Health and Human Servs.,* 622 F.Supp. 829, 830, 832 (N.D.Ill.1985).

**4.** Although we conclude that this one claim is timely and properly exhausted, we emphasize that we are not expressing any opinion as to the merits of the claim.

**5.** The Secretary argues that the plaintiff failed to discuss the Rossi memo in briefing the motion, and thus has waived the argument. It is generally true that failure to raise an argument before a magistrate results in waiver of that argument, *see, e.g., Paterson–Leitch Co. v. Massachusetts Municipal Wholesale Elec. Co.,* 840 F.2d 985, 990–91 (1st Cir.1988); *Schaap v. Executive Indus.,* 760 F.Supp. 725, 728 n. 3 (N.D.Ill.1991), and that given the apparent purpose of § 2000e–5(f)(5) to expedite proceedings against the federal government, such waiver likely applies to special

masters acting under that section. However, despite Foster's targeting of the Rossi decision during the administrative process and in the complaint in this court, the Secretary never discussed—and thus never sought—dismissal of this claim. Accordingly, we decline to deem the claim waived.

**6.** There is some doubt over the propriety of applying the continuing violation doctrine where, as here, equitable tolling may be applied to a limitations period. *Moskowitz v. Trustees of Purdue Univ.,* 5 F.3d 279, 282 (7th Cir.1993). However, the doctrine continues to be applied. *E.g., Koelsch v. Beltone Elecs. Corp.,* 46 F.3d 705, 707 (7th Cir.1995).

 We also agree that the plaintiff failed to exhaust the seventh matter identified by the Department, namely, the proposed termination of Foster's employment. The plaintiff points to nothing to contradict the Department's conclusion that this act was still in the informal counseling stage at the time her administrative complaint was resolved. Nor does Foster provide any evidence showing that she has exhausted this claim. Accordingly, we lack jurisdiction over the proposed termination.

As to the fifth matter identified by the Department, specifically, the alleged evaluation of Foster by her coworkers, we hold that she did not exhaust this claim because she failed to provide sufficient detail to the Department. Because failure to adequately prosecute the claim constitutes a failure to exhaust, *Pack*, 986 F.2d at 1157–58, we refrain from relying on any factual findings made by the special master as to the actual timing of the coworker evaluations, *see* Special Master Op., Findings of Fact ¶ 5. Accordingly, we lack jurisdiction over the proposed termination.

Lastly, we agree with the special master that the limitations period bars the first, second, third, fourth, eighth, and tenth matters identified by the Department. Where the special master made factual findings as to whether an allegedly discriminatory act was actually based on discrimination, we do not need to rely on such findings to support summary judgment on limitations grounds.[7] Accordingly, to the extent consistent with this opinion, we adopt the special master's conclusions as to these claims.

---

7. We note that Foster failed to exhaust two additional allegedly discriminatory matters raised by the plaintiff in response to the Secretary's motion. Johnson's failures to meet with Foster during the first probation period were not presented in counseling, and Johnson's last-minute scheduling of two meetings with Foster, which allegedly forced Foster to miss meetings with taxpayers, was presented in neither counseling nor the administrative complaint. Accordingly, we dismiss those claims for lack of subject matter jurisdiction, and do not rely on the special master's findings that these acts were in fact not based on discrimination.

8. We note that the special master did not rule on the plaintiff's motion to amend the complaint,

## III. Conclusions

For the reasons set forth above, we adopt in part, modify in part, and reject in part the special master's report. In addition, we refer the remaining claim to the special master pursuant to 42 U.S.C. § 2000e–5(f)(5) and Rule 53.[8] It is so ordered.

which was embedded in the plaintiff's response to the Secretary's motion. We deny the motion for failure to prosecute because it was originally not properly noticed, and the plaintiff failed to serve a date of presentment within ten days of tendering the motion, Local Rule 12(*l*); indeed, the plaintiff never set a date of presentment, and has not mentioned the motion in her objections. In any event, we would deny the motion because the amended complaint cures none of the limitations and jurisdictional defects identified as to the original claims. *Cf. Nowicki v. Ullsvik,* 69 F.3d 1320, 1325 (7th Cir.1995) (leave to amend complaint properly denied when futile).