WILLIAM G. YOUNG[1] , DISTRICT JUDGE
This cause is before the Court on Defendant R.J. Reynolds Tobacco Company's Motion to Review Taxation of Costs under 28 U.S.C. § 1920 (Doc. 278), as well as Plaintiff James L. Smith's "Renewed Motion for Attorney's Fees and Costs" (Doc. 285). Plaintiff has responded to Defendant's Motion to Review Taxation of Costs (Doc. 280), and Defendant has responded to Plaintiff's Renewed Motion for Attorney's Fees (Doc. 286). The Court referred the Renewed Motion for Attorney's Fees to the Honorable Joel B. Toomey, United States Magistrate Judge, for a report and recommendation. (Doc. 287). Judge Toomey entered a report and recommendation on September 5, 2018 (Doc. 288), in which he recommends that the Court deny Plaintiff's request for attorney's fees under § 768.79, Fla. Stat. (Doc. 288). Plaintiff did not file any objections.
For the reasons set forth below, the Court will adopt Judge Toomey's report and recommendation and deny Plaintiff's Renewed Motion for Attorney's Fees. The Court will grant Defendant's Motion to Review Taxation of Costs to the extent that the Court will reduce the award of costs by $ 403.20, but otherwise the Court will deny Defendant's motion.
I. Procedural Background
Plaintiff initiated this Engle-progeny[2] case on August 16, 2007 when he filed a complaint against several tobacco companies, including Defendant R.J. Reynolds. As the personal representative of the Estate of Wanette Smith, deceased, Plaintiff alleged that the Defendant's cigarettes caused Ms. Smith to suffer from lung cancer, chronic obstructive pulmonary disorder (COPD), and ultimately death.[3] Plaintiff sought wrongful death damages under *1272 theories of negligence, strict liability, fraudulent concealment, and conspiracy to conceal.
The case eventually went to a jury trial in October 2012. The jury found for Plaintiff on all four theories of liability and awarded $ 600,000.00 in compensatory damages. (Doc. 224). The jury further determined that punitive damages were warranted in the amount of $ 20,000.00. (Id. at ¶ 15; Doc. 227).
On May 2, 2013, the Court entered judgment in favor of Plaintiff in the amount of $ 620,000.00. (Doc. 244). The judgment stated that Plaintiff, as the prevailing party, was "entitled to an award of costs as provided in 28 U.S.C. § 1920." (Id. ) Fourteen days later, on May 16, 2013, Plaintiff filed an initial motion for attorneys' fees (Doc. 247) and a separate Proposed Bill of Costs for $ 34,088.47. (Doc. 248). The Proposed Bill of Costs included invoices but no itemization of expenses. (See Doc. 248-1). On June 3, 2013, Defendant responded in opposition to the initial motion for attorneys' fees and the Proposed Bill of Costs. (Doc. 250). Defendant argued that the Proposed Bill of Costs failed to include an itemization and that Plaintiff sought reimbursement for certain expenses that were not taxable under 28 U.S.C. § 1920. (Id. at 5-15). Eight days later, on June 11, 2013, Plaintiff filed an Amended Proposed Bill of Costs totaling $ 26,894.10 (Doc. 255), or about $ 7,000 less than the original proposed bill of costs. This time, Plaintiff included an itemization of costs with the invoices. (Doc. 255-1 at 2).
On May 29, 2014, the Court directed the Clerk to tax costs against Defendant as stated in the Amended Proposed Bill of Costs, giving Defendant seven days "to file any motion requesting that the Court review the Clerk's action." (Doc. 276). The Court stated that the order was "not meant as a substantive ruling on any cost issue" but instead "to ensure the correct procedural posture." (Id. ). Defendant filed the instant Motion to Review Taxation of Costs on June 6, 2014.
In the meantime, Defendant filed a notice of appeal. (Doc. 265). Because of the pendency of the appeal, the Court denied Plaintiff's initial motion for attorney's fees without prejudice, subject to Plaintiff renewing the motion after the Eleventh Circuit Court of Appeals issued the mandate. (Doc. 279).
On January 25, 2018, the Eleventh Circuit issued an opinion affirming the judgment for Plaintiff. Smith v. R.J. Reynolds Tobacco Co., 880 F.3d 1272 (11th Cir. 2018) ; (Doc. 282). The mandate followed on February 23, 2018. (Doc. 283). Shortly thereafter, the Eleventh Circuit transferred consideration of Plaintiff's entitlement to attorney's fees and costs to this Court (Doc. 284), and Plaintiff renewed his motion for attorney's fees (Doc. 285). As noted above, the Court referred the motion for attorney's fees to Judge Toomey, and Judge Toomey returned a report and recommendation in which he recommends that the Court deny the motion. No objections have been filed.
II. Defendant's Motion to Review Taxation of Costs
The Court first addresses Defendant's Motion to Review Taxation of Costs. Defendant's motion boils down to two arguments: (a) that Plaintiff is not entitled to any costs under 28 U.S.C. § 1920 because the Amended Proposed Bill of Costs was untimely, and (b) that if the Court does award expenses, costs should be reduced because the Amended Proposed Bill of Costs includes $ 1,085.60 in expenses that are not taxable under § 1920. As to the first argument, Plaintiff responds that he timely filed the original bill of costs and that he later filed the Amended Proposed *1273 Bill of Costs merely to correct a technical deficiency. (Doc. 280 at 2-5). Alternatively, Plaintiff argues that even if the Court finds the Amended Proposed Bill of Costs to be untimely, it should exercise its discretion to award costs anyway. (Id. at 5-8). As to the second argument, Plaintiff withdraws his request for $ 403.20 in costs for real-time transcripts, but maintains that the other $ 682.40 in contested costs are recoverable. (Id. at 8-11).
Rule 54(d) provides that "costs - other than attorney's fees - should be allowed to the prevailing party" unless a federal statute, federal rule of procedure, or court order says otherwise. Fed. R. Civ. P. 54(d) (1). The costs that a court may tax are enumerated in 28 U.S.C. § 1920 as follows:
(1) fees of the clerk and marshal;
(2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) fees and disbursements for printing and witnesses;
(4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) docket fees under 28 U.S.C. § 1923 ; and
(6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828.
"As the Supreme Court has explained, absent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920." Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc., 249 F.3d 1293, 1296 (11th Cir. 2001) (citation omitted). Thus, a court may not award costs under Rule 54"in excess of those permitted by Congress under 28 U.S.C. § 1920." Maris Distrib. Co. v. Anheuser-Busch, Inc., 302 F.3d 1207, 1225 (11th Cir. 2002). Local Rule 4.18 provides that "all claims for costs or attorney's fees ... shall be asserted by separate motion or petition filed not later than 14 days following the entry of judgment." Rule 4.18, Local Rules, United States District Court, Middle District of Florida. ("Local Rule[s]").
a. The Amended Proposed Bill of Costs is Timely
The Court rejects Defendant's argument that Plaintiff's bill of costs was untimely, and thus that the Court should deny Plaintiff all costs under § 1920. As Plaintiff points out, he timely filed the original proposed bill of costs, along with 33 pages of attached invoices, within 14 days of the entry of judgment. (See Doc. 248; Doc. 248-1). On June 3, 2013, Defendant responded that the original bill of costs did not include an itemization of expenses and failed to document Plaintiff's costs with sufficient specificity. (Doc. 250 at 5-7). But Defendant went on to write eight pages detailing how certain costs allegedly were not recoverable. (Id. at 7-15). A few days later, on June 11, 2013, Plaintiff filed the Amended Proposed Bill of Costs, which included an itemization of expenses and reduced the amount Plaintiff sought from $ 34,088.47 to $ 26,894.10. (Doc. 255; Doc. 255-1).
Although Local Rule 4.18 requires a party seeking attorney's fees and costs to file a motion no later than 14 days after the entry of judgment, it says nothing about a party filing an amended motion or bill of costs after the 14-day period. This Court has not located an opinion from the Middle District of Florida speaking specifically to this issue. However, other courts interpreting similar local rules permit parties to file an amended bill of costs after the *1274 deadline for doing so has passed, where the amended bill corrects an error or technical deficiency in an original, timely-filed bill of costs. See, e.g., McGovern v. George Washington Univ., 326 F.R.D. 354, 355-56 (D.D.C. 2018) (permitting the prevailing party to recover on an amended bill of costs filed after the expiration of time, where the original bill of costs was timely filed but on the incorrect form); Aboy v. State Farm Mut. Auto. Ins. Co., No. 09-21400 CIV, 2010 WL 2509836 (S.D. Fla. May 25, 2010), report and recommendation adopted, 2010 WL 2495189 (S.D. Fla. Jun. 18, 2010) (allowing the defendant to file an amended bill of costs after time had expired where the amended bill conceded certain errors and "the filing of the Amended Motion caused no prejudice to the plaintiff.").
McGovern is particularly helpful. There, George Washington University (GWU) timely filed the original bill of costs, but it used the incorrect form. Id. at 355. After the time had run for filing a bill of costs, GWU filed an amended bill of costs using the correct form. See id. McGovern argued that the original bill of costs was a nullity due to the use of the incorrect form and that GWU's amended bill of costs was untimely. Id. The district court disagreed and found that the amended bill of costs was timely. Id. at 355-56. The court explained that "GWU's initial failure to use the correct form" was "an error that can be cured and therefore d[id] not render the amended Bill of Costs on the correct form untimely." Id. at 355 (citation omitted). The court offered the following policy rationale: "Amendments to Bills of Costs occur regularly and, in fact, such amendments are appropriate to address legitimate objections raised by opposing parties, without forcing judicial intervention." Id. (citing Flythe v. Dist. of Columbia, 317 F.R.D. 596 (D.D.C. 2016) (approving an amended bill of costs), and Butera v. Dist. of Columbia, 83 F.Supp.2d 25, 40 (D.D.C. 1999) (permitting a party to resubmit an amended bill of costs after removing certain costs) ). The court further observed that GWU's amended bill of costs reduced the amount of expenses in response to some of McGovern's objections. Id. at 356.
Likewise, the fact that Plaintiff's original, timely-filed bill of costs lacked an itemization of expenses did not render it a nullity. The absence of an itemization "is an error that can be cured and therefore does not render the amended Bill of Costs [with an attached itemization] untimely." Id. at 355. Besides, the original bill's lack of a detailed itemization did not prejudice Defendant, as Defendant was still able to file eight pages of briefing contending that certain expenses were not taxable under § 1920. (See Doc. 250 at 7-15). Allowing Plaintiff to proceed on the Amended Proposed Bill of Costs does not prejudice Defendant either, as the amended bill reduces the amount of costs sought by Plaintiff by nearly $ 7,000.
The Court further rejects Defendant's argument that the Amended Proposed Bill of Costs includes a new cost that was not mentioned in the original bill. (See Doc. 278). Defendant argues that the amended bill of costs includes a new charge for $ 1,955.10 for daily trial transcripts. (Id. ). That is not true. (Compare Doc. 248-1 at 29 with Doc. 255-1 at 25). The original bill included a $ 2,000.00 charge for "Reporter's Transcripts for Daily Copy Trial Proceedings beginning on October 9, 2012, before Judge Huck," which was ordered on October 3, 2012. (Doc. 248-1 at 29). The amended bill of costs includes what appears to be a revised version of the same charge, reflecting that Plaintiff made a $ 2,000.00 deposit, that the final cost was $ 1,955.10, and that Plaintiff was due a credit of $ 44.90. The *1275 revised invoice was issued by the same court reporter, has the same order date of October 3, 2012, and reflects that the charge was also for "Reporter's Transcripts for Daily Copy Trial Proceedings beginning on October 9, 2012, before Judge Huck." (Doc. 255-1 at 25). Thus, the amended bill of costs does not appear to include a new charge for daily transcripts, but a revised version of the same charge.
In light of the foregoing, the Court finds that Plaintiff's Amended Proposed Bill of Costs is timely and that it relates back to the original bill of costs. Plaintiff timely filed the original bill of costs 14 days after the entry of judgment. Plaintiff filed the amended bill of costs merely to correct a technical deficiency - i.e., the absence of an itemization - and to address some of Defendant's objections. Because "amendments are appropriate to address legitimate objections raised by opposing parties, without forcing judicial intervention," McGovern, 326 F.R.D. at 355, the Court declines to find that the Amended Proposed Bill of Costs is untimely.[4]
b. Recoverable Expenses
Defendant contends that if the Court does award Plaintiff costs under 28 U.S.C. § 1920, it should reduce that award by $ 1,085.60 based on costs in the amended bill that are not taxable. (Doc. 278 at 5-10). The alleged non-taxable costs consist of the following: (1) $ 403.20 for real-time deposition transcripts, (2) $ 522.50 in transcript shipping costs, (3) $ 115.00 in exhibit copying costs, and (4) $ 44.90 in refunded transcript costs. In response, Plaintiff withdraws his request for $ 403.20 in real-time transcript costs. (Doc. 280 at 8). However, Plaintiff maintains that the other $ 682.40 in contested costs are recoverable.
The Court agrees with Plaintiff that he should be allowed to recover $ 522.50 for the cost of shipping deposition transcripts. In Walker v. R.J. Reynolds Tobacco Co., No. 3:09-cv-10598-RBD-JBT (M.D. Fla.)("Walker"), the Court allowed the plaintiff to recover $ 495.50 for the same type of costs. Walker Dkt. Entry 261 (Report and Recommendation) at 8; Walker Dkt. Entry 262 (Order Adopting Report and Recommendation). As the Court observed there, "the practice in the Eleventh Circuit is generally to permit recovery of shipping costs for deposition transcripts." Walker Dkt. Entry 261 at 8 (citing Kearney v. Auto-Owners Ins. Co., No. 8:06-cv-595-T-24TGW, 2010 WL 1856060, at *1 (M.D. Fla. May 10, 2010), and George v. GTE Directories Corp., 114 F.Supp.2d 1281, 1298 (M.D. Fla. 2000) ). Plaintiff's request for $ 522.50 in deposition shipping costs does not appear unreasonable in the amount. As in Walker, the Court finds this expense to be reasonably necessary and that Plaintiff may recover these costs.
The Court also agrees with Plaintiff that he may recover $ 115.00 in exhibit copying costs. Section 1920 entitles the prevailing party to recover "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. §§ 1920(4).
Costs for copies are taxable when necessarily obtained for use in the case. More specifically, "[c]opies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the Court's consideration are recoverable, whereas copies obtained only for the convenience *1276 of counsel, such as extra copies of filed papers, correspondence, and copies of cases are not."
Brown v. Columbia Sussex Corp., No. 8:12-cv-1278-T-27EAJ, 2014 WL 12614502, at *3 (M.D. Fla. May 27, 2014) (citation omitted). Costs for "copies of documents already possessed by the prevailing party's counsel are not recoverable." Padurjan v. Aventura Limousine & Transp. Serv. Inc., No. 8-20128-CIV, 2009 WL 4633526, at *23 (S.D. Fla. Dec. 2, 2009) (citing Duckworth v. Whisenant, 97 F.3d 1393, 1399 (11th Cir. 1996) ). Here, Plaintiff spent $ 115.00 to copy exhibits produced in connection with witness depositions. (See Doc. 280 at 9; Doc. 255-1 at 3-13). Because the copies involved exhibits and were attributable to discovery, the copying costs are recoverable. See Brown, 2014 WL 12614502 at *3. Defendant claims that the costs were for copying documents already in Plaintiff's possession, but Plaintiff counters that the items Defendant is referring to were original family photographs, which "must inherently be copied from their original form to be useable in court." (Doc. 280 at 11). The Court agrees with Plaintiff that it may be necessary to make copies of original photographs to make them useful for trial. Accordingly, the Court is persuaded that Plaintiff has demonstrated that the exhibit copying costs were sufficiently necessary and were not merely for counsel's convenience. As such, Plaintiff may recover the $ 115.00 claimed for copying costs.
Finally, the Court finds that Plaintiff may recover $ 3,406.20 in daily transcript costs. (See Doc. 278 at 10). Defendant argues that Plaintiff is improperly attempting to recover $ 44.90 in refunded transcript costs, but Defendant misinterprets the transcript invoices. Although the court reporter's bill for the second week of trial transcripts reflects that Plaintiff received a $ 44.90 refund (Doc. 255-1 at 26), that is because Plaintiff overpaid by $ 44.90 for the first week's transcripts (id. at 25). Thus, whether one adds the amounts charged to Plaintiff ($ 1,955.10 and $ 1,451.10) or the amounts Plaintiff paid ($ 2,000.00 and $ 1,406.20), the total bill for trial transcripts comes to $ 3,406.20.
In light of the foregoing, Defendant's Motion to Review Taxation of Costs is due to be granted in part and denied in part. The Court will allow Plaintiff to recover costs under 28 U.S.C. § 1920 in the amount of $ 26,490.90, but not for $ 403.20 spent on real-time transcripts.
III. Plaintiff's Motion for Attorney's Fees
The Court now turns to Plaintiff's Renewed Motion for Attorney's Fees. (Doc. 285). As noted earlier, Judge Toomey recommends that the Court deny the motion because Plaintiff failed to make an offer of judgment within the timeframe required by Section 768.79, Fla. Statutes. (Doc. 288). Plaintiff did not file objections.
The Court may "accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993) ; see also 28 U.S.C. § 636(b) (1). However, the Court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994) ; United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615 at *1 (M.D. Fla. May 14, 2007).
Upon independent review of the file and for the reasons stated in Judge Toomey's Report and Recommendation, the Court will accept and adopt the legal and factual conclusions recommended by Judge Toomey. As such, the Court will deny Plaintiff's Renewed Motion for Attorney's Fees.
*1277 IV. Conclusion
In light of the foregoing, and having considered the parties' briefs, the record, and the Report and Recommendation, it is hereby ORDERED:
1. Defendant's Motion to Review Taxation of Costs (Doc. 278) is GRANTED IN PART and DENIED IN PART.
a. The motion is GRANTED to the extent that the bill of costs under 28 U.S.C. § 1920 is reduced from $ 26,894.10 to $ 26,490.90.
b. The motion is otherwise DENIED.
2. The Court ADOPTS the Magistrate Judge's Report and Recommendation (Doc. 288) as the opinion of the Court. Plaintiff's Renewed Motion for Attorney's Fees and Costs (Doc. 285) is DENIED.
3. The Clerk is directed to amend the Bill of Costs (Doc. 277) so as to award Plaintiff a total of $ 26,490.90 in taxable costs.
SO ORDERED.

Of the District of Massachusetts, sitting by designation.

See Engle v. Liggett Grp., Inc., 945 So.2d 1246 (Fla. 2006).

The Third Amended Complaint (Doc. 140) was ultimately the operative complaint.

The Court agrees with Plaintiff that the cases cited by Defendant to support the proposition that the Amended Proposed Bill of Costs is untimely are inapposite. (See Doc. 280 at ---).