[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-17224
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 19, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-20108-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNSON THELISMA,
a.k.a. Haitian Boy,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 19, 2009)

Before DUBINA, Chief Judge, BIRCH and FAY, Circuit Judges.

PER CURIAM:

Appellant Johnson Thelisma appeals his conviction and sentence for

conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(iii). On appeal, Thelisma argues that the district court abused its discretion by (1) denying his motion to exclude evidence seized in a search of his alleged co-conspirator's home, (2) admitting evidence of his prior drug convictions, and (3) refusing to admit as evidence a document from another alleged co-conspirator's sentencing proceedings. He also argues that his sentence was unconstitutional.

I.

Thelisma first argues that the district court abused its discretion by denying his motion to exclude evidence that police officers seized in a search of his alleged co-conspirator's home. He contends that the evidence should have been excluded because he withdrew from the conspiracy several months prior to the search.

"We review a district court's evidentiary rulings for clear abuse of discretion." *United States v. Perez-Oliveros*, 479 F.3d 779, 783 (11th Cir. 2007). "An evidentiary ruling will stand unless the complaining party has shown a substantial prejudicial effect." *United States v. Breitweiser*, 357 F.3d 1249, 1254 (11th Cir. 2004) (internal quotation marks omitted). Federal Rule of Evidence 402 provides that "[a]ll relevant evidence is admissible, except as otherwise provided" by law. Fed.R.Evid. 402. However, relevant evidence "may be excluded if its

2

probative value is substantially outweighed by the danger of unfair prejudice[.]" Fed.R.Evid. 403.

Generally, a conspirator is responsible for all the reasonably foreseeable acts of his co-conspirators that are done in furtherance of the conspiracy. *United States v. Peeples*, 23 F.3d 370, 373 (11th Cir. 1994). Withdrawal from the conspiracy is an affirmative defense. *United States v. Gonzalez*, 940 F.2d 1413, 1427 (11th Cir. 1991). To establish the affirmative defense of withdrawal from the conspiracy, the defendant has the substantial burden of proving that (1) he took affirmative steps, "inconsistent with the objectives of the conspiracy, to disavow or to defeat the objectives of the conspiracy; and (2) that he made a reasonable effort to communicate those acts to his co-conspirators or that he disclosed the scheme to law enforcement authorities." *United States v. Starrett*, 55 F.3d 1525, 1550 (11th Cir. 1995). The defense is not available if the defendant merely ceased to participate in the conspiracy. *United States v. Hogan*, 986 F.2d 1364, 1375 (11th Cir. 1993). Although Thelisma would not have been responsible for his co-conspirators' actions after his withdrawal, he did not present any evidence that he took affirmative steps to disavow or defeat the conspiracy. At most, the evidence showed that he no longer participated in the conspiracy after a certain point, but lack of participation is not sufficient to establish withdrawal. Thus, we conclude

that the evidence was relevant, and the district court did not abuse its discretion by allowing the government to present it.

## II.

Next, Thelisma argues that the district court abused its discretion by allowing the government to introduce evidence of his prior cocaine and marijuana convictions to prove his intent to commit the present drug offense. He urges that his intent was not at issue because he denied any involvement with the conspiracy. He further submits that the government introduced the prior convictions only to show his bad character.

We review a district court's admission of evidence of a defendant's prior bad acts under Fed.R.Evid. 404(b) for abuse of discretion. *United States v. Jernigan*, 341 F.3d 1273, 1280 (11th Cir. 2003). Federal Rule of Evidence 404(b) provides: "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." Fed.R.Evid. 404(b). We employ the following three-part test in determining whether evidence of extrinsic bad acts is admissible under Rule 404(b):

First, the evidence must be relevant to an issue other than the defendant's character. Second, as part of the relevance analysis, there must be sufficient proof so that a jury could find that the defendant committed the extrinsic act. Third, the evidence must possess probative value that is not substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of [Fed.R.Evid.] 403.

*Jernigan*, 341 F.3d at 1280.

In order to support a conspiracy conviction under 21 U.S.C. § 846, the government must establish that (1) a conspiracy existed, (2) the defendant had knowledge of it, and (3) he voluntarily became a part of it. *United States v. Thompson*, 422 F.3d 1285, 1290 (11th Cir. 2005). When a defendant pleads not guilty, intent becomes a material issue. *United States v. Hernandez*, 896 F.2d 513, 522 (11th Cir. 1990). Evidence of a crime similar to the one charged is relevant to proving intent. *United States v. Montes-Cardenas*, 746 F.2d 771, 780 (11th Cir. 1984). Moreover, evidence of prior drug dealing is highly probative of intent in later conspiracy and distribution charges. *United States v. Diaz-Lizaraza*, 981 F.2d 1216, 1224 (11th Cir. 1993). In assessing the third prong, "a court should consider the differences between the charged and extrinsic offenses, their temporal remoteness, and the government's need for the evidence to prove intent." *Id.* at 1225. Furthermore, a district court may limit the prejudicial value of evidence by giving a limiting instruction to the jury. *Hernandez*, 896 F.2d at 523.

5

First, we conclude that by pleading not guilty, Thelisma put his intent at issue. Second, Thelisma has not argued that the evidence was insufficient to prove that he committed the prior acts. Finally, the prior convictions were probative of his intent because they involved prior drug dealing. Moreover, the district court limited any prejudice caused by the introduction of the convictions by instructing the jury as to the limited purpose of the evidence. Accordingly, we conclude that the district court did not abuse its discretion by allowing the prior conviction evidence.

## III.

Thelisma also argues that the district court abused its discretion by refusing to allow him to introduce a response made by the government in his alleged co-conspirator's sentencing proceedings. He contends that the response was admissible as a party-opponent admission. Alternatively, he urges that it was relevant to impeach the testimony of the co-conspirator, who testified at Thelisma's trial.

As noted above, we "review a district court's evidentiary rulings for clear abuse of discretion." *Perez-Oliveros*, 479 F.3d at 783. Relevant evidence may be excluded at trial if the probative value of the evidence is substantially outweighed by, as relevant here, confusion of the issues or considerations of undue delay or

6

waste of time. Fed.R.Evid. 403.

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c). Hearsay generally is not admissible. Fed.R.Evid. 802. However, admissions by a party opponent generally are not considered hearsay, even if they otherwise meet the definition. Fed.R.Evid. 801(d). Prior inconsistent statements of a witness are admissible to impeach that witness. *United States v. Sisto*, 534 F.2d 616, 622 (5th Cir. 1976).

Addressing whether a defendant could introduce statements made by a prosecutor in his codefendant's earlier trial, we held that the statements were not admissible because (1) the earlier comments were not statements of fact, and (2) the earlier comments were not clearly inconsistent with the government's position in the second trial. *United States v. DeLoach*, 34 F.3d 1001, 1005-06 (11th Cir. 1994).

We conclude from the record that the government's response in the other case was not inconsistent with its position in Thelisma's trial that he also participated in the conspiracy. Moreover, the response was not relevant to impeach the co-conspirator's testimony because the co-conspirator did not make the statement that Thelisma sought to introduce. Accordingly, we conclude that the

7

district court did not abuse its discretion by denying Thelisma's motion to admit the response as evidence in his trial.

IV.

Finally, Thelisma argues that his mandatory life sentence was unconstitutional because (1) it amounted to cruel and unusual punishment, (2) the enhancement based on prior convictions not proven to the jury violated the Fifth and Sixth Amendments, and (3) the statutory sentence violated the separation-of-powers doctrine by removing discretion from the sentencing court.

We review questions of constitutional law *de novo*. *United States v. Brown*, 364 F.3d 1266, 1268 (11th Cir. 2004). Mandatory life sentencing for repeat drug offenses does not constitute cruel and unusual punishment or violate due process. *United States v. Willis*, 956 F.2d 248, 250-51 (11th Cir. 1992). Mandatory minimum sentencing also does not violate the separation-of-powers doctrine. *United States v. Holmes*, 838 F.2d 1175, 1178 (11th Cir. 1988).

The Supreme Court has held that the government is not required to allege in the indictment or prove beyond a reasonable doubt that a defendant had prior convictions in order for the district court to use the convictions to enhance the defendant's sentence. *Almendarez-Torres v. United States*, 523 U.S. 224, 228-35, 118 S. Ct. 1219, 1223-26, 140 L. Ed. 2d 350 (1998). The Court subsequently held

8

that the Constitution requires that "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63, 147 L. Ed. 2d 435 (2000) (emphasis added). After *Apprendi*, we have held that *Almendarez-Torres* remains good law and must be followed until the Supreme Court determines otherwise. *United States v. Guadamuz-Solis*, 232 F.3d 1363, 1363 (11th Cir. 2000).

Because all of Thelisma's arguments were precluded by precedent, we conclude that the district court did not err in imposing a mandatory life sentence.

For the above-stated reasons, we affirm Thelisma's conviction and sentence.

**AFFIRMED.**