[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-11612
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 27, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00126-CR-T-17-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER POWELL,
a.k.a. Pistol Peete,
ABRAM THOMPSON,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(December 27, 2010)

Before EDMONDSON, HILL, and ALARCÓN,* Circuit Judges.

_____

* Honorable Arthur L. Alarcón, United States Circuit Judge for the Ninth Circuit, sitting
by designation.

PER CURIAM:

This case presents two consolidated appeals of convictions for participation in drug crimes, including a criminal conspiracy to possess and distribute cocaine and marijuana. Christopher Powell and Abram Thompson were convicted following a jury trial and appeal many issues from their trial, convictions, and sentences. We affirm Thompson's conviction and sentence; we vacate Powell's conviction and sentence and remand for further proceedings.

## I. BACKGROUND

Before trial, Powell moved to suppress statements that he made following his arrest. Powell argued that he was not read his Miranda rights before interrogation and that interrogation continued after he requested counsel. The District Court referred the suppression motion to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) to hold an evidentiary hearing and to issue a report and recommendation.

At the hearing before the magistrate judge, two law enforcement officers testified on behalf of the government. Powell and his stepfather testified on

2

Powell's behalf. After hearing the witnesses' testimony, the magistrate judge stated that "inconsistencies" existed in the officers' testimony; he determined that their testimony was "unconvincing." But the magistrate judge credited the stepfather's account.[1] On the basis of these determinations, the magistrate judge concluded that Powell had been impermissibly interrogated following a request for counsel. The magistrate judge recommended granting the motion to suppress Powell's statements.

The government objected to the magistrate judge's determination that the officers' testimony was not convincing. In considering the government's objection, the District Court reviewed the hearing transcript and listened to a recording of the testimony. The District Court did not hold a new hearing, however. The District Court declined to adopt the magistrate judge's recommendation and instead determined that Powell had not unequivocally requested counsel.[2] In a pre-trial written order, the District Court denied Powell's motion to suppress.

Later at trial, Powell moved to set aside the order denying the motion to

---

[1] At the evidentiary hearing before the magistrate judge, Powell's stepfather testified that he heard Powell ask to call his attorney three times. In contrast, one law enforcement officer testified that the most Powell did was ask whether the officers thought he needed to call his attorney; another recalled Powell and an officer having a "general conversation" about Powell's lawyer.

[2] The District Court adopted the magistrate judge's determination that Powell had been read his Miranda rights.

3

suppress. The District Court denied the motion. But then the District Court gave the government the opportunity to present additional testimony, apparently for the purpose of developing a record for appellate review. The government accepted the District Court's offer and presented additional witness testimony.

A jury found Defendants guilty on all counts.[3] The District Court denied their motions for acquittal, and this appeal resulted.

## II. DISCUSSION

Defendant Powell argues that the District Court erred by rejecting the magistrate judge's credibility determinations without first holding a new hearing: a hearing to see as well as to hear the pertinent witnesses. We agree.

We review denial of a motion to suppress as a mixed question of law and fact. United States v. Lindsey, 482 F.3d 1285, 1290 (11th Cir. 2007). Questions of law are reviewed de novo, while determinations of fact are reviewed for clear error. Id. "Whether the district court may wholly reject a magistrate judge's credibility findings without rehearing witness testimony is an issue of law which

_____

[3] Powell was sentenced to concurrent terms of life imprisonment, 240 months' imprisonment, and 120 months' imprisonment, followed by a period of supervised release. Thompson was sentenced to two concurrent terms of 360 months' imprisonment, followed by a period of supervised release.

4

we review de novo." United States v. Cofield, 272 F.3d 1303, 1305 (11th Cir. 2001).

28 U.S.C. § 636(b)(1) allows a district court to refer certain motions, including a motion to suppress, to a magistrate judge to hear evidence and to make a recommendation for the motion's disposition to the district court. In ruling on the motion, the district court may adopt, reject, or modify the magistrate judge's findings and recommendation.[4] The district court must make a de novo determination of any disputed portions of the magistrate judge's report or recommendation.

The constitutionality of § 636(b)(1) was challenged and upheld in United States v. Raddatz, 100 S. Ct. 2406 (1980), where the Supreme Court concluded that a litigant's due process rights were not violated where a district court judge adopted the magistrate judge's findings of fact without holding a new hearing. 100 S. Ct. at 2415. In reaching its conclusion, the Supreme Court said that it "assume[d] it [was] unlikely that a district judge would reject a magistrate's proposed findings on credibility when those findings are dispositive and substitute the judge's own appraisal; to do so without seeing and hearing the witness or witnesses whose credibility is in question could well give rise to serious questions

---

[4] The statute also allows the district court judge to "receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

which we do not reach." Id. at 2415 n.7.

The old Fifth Circuit considered the question left open by Raddatz -- whether, consistent with due process, a district court judge could reject a magistrate judge's credibility determinations and substitute its own without first holding a new hearing to rehear disputed testimony -- and answered "no." See Louis v. Blackburn, 630 F.2d 1105, 1109 (5th Cir. 1980).[5] The Court concluded that a criminal defendant's due process rights were violated where a district court judge "enter[s] an order inconsistent with the credibility choices made by the magistrate without personally hearing the live testimony of the witnesses whose testimony is determinative." Id.[6]

More recent, we wrote in Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230 (11th Cir. 2007), that a district court abuses its discretion when it "squarely reject[s] the magistrate judge's findings of fact and credibility determinations and substitute[s] its own, without hearing so much as a single

_____

[5] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit cases handed down before 30 September 1981. Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[6] Testimony and demeanor are important. The Louis Court stressed the need for the fact-finder to hear and observe the witnesses personally before making credibility determinations. Louis, 630 F.2d at 1109.

6

witness."  500 F.3d at 1251.[7]

If a suspect clearly and unambiguously requests counsel at any time during an interview with law enforcement, "he is not subject to further questioning until a lawyer has been made available or the suspect himself reinitiates conversation." Davis v. United States, 114 S. Ct. 2350, 2354-55 (1994); see also Miranda v. Arizona, 86 S. Ct. 1602, 1612 (1966).  Because witnesses in this case gave conflicting accounts of the events following Powell's arrest, determining whether Powell satisfied this standard by clearly and unambiguously invoking his right to counsel turns squarely on the credibility of the witnesses.

"[T]o adequately determine the credibility of a witness . . . the fact finder must observe the witness." Louis, 630 F.2d at 1110.  This requirement is satisfied "either by the district judge accepting the determination of the magistrate after reading the record, or by rejecting the magistrate's decision and coming to an independent decision after hearing the testimony and viewing the witnesses." Id.

The District Court erred by rejecting the magistrate judge's credibility determinations without first rehearing -- live, not pre-recorded -- the disputed

_____

[7] A narrow exception to the general rule might allow a district court to reject a magistrate judge's determinations where they contradict the record.  Briefly stated, this exception might apply "when there is an 'articulable basis for rejecting the magistrate's original resolution of credibility.'" Amlong, 500 F.3d at 1250 (quoting United States v. Marshall, 609 F.2d 152, 155 (5th Cir. 1980)).  No such exception applies here, and no one has argued that it does.

testimony.[8]  The District Court's later taking of additional evidence at trial was insufficient.  This evidence followed a final ruling on the motion.  The process appears to have been for the purpose of allowing the government to bolster the evidence in the record in preparation for appellate review.  That the District Court later heard evidence that might support its earlier ruling did not remedy the due process violation that was based on its already-announced decision to deny the motion to suppress.  See United States v. Marshall, 609 F.2d 152, 154 (5th Cir. 1980) (stating that hearing additional testimony at trial did not provide a proper basis for a judge's earlier decision on a motion to suppress).

This matter must be remanded to the District Court for further proceedings to determine whether Powell requested counsel and, if so, the related issues.[9]

_____

[8] We note that the District Court expressly stated that it was not disputing the magistrate's credibility findings.  But it credited the view of witnesses whom the magistrate found unconvincing and drew different inferences than the magistrate judge on the basis of that testimony.  Therefore, the District Court, by necessary implication, rejected the magistrate judge's credibility determination.  See Louis, 630 F.2d at 1107-08; see also Amlong & Amlong, P.A., 500 F.3d at 1249 (stating that where a district court and magistrate judge's factual interpretations were "impossible to reconcile," the district court's "analysis necessarily and expressly rejected the magistrate judge's credibility findings").

[9] Powell raises several other claims in his appeal, but they do not amount to reversible error: whether sufficient evidence supported his conviction; whether the jury composition violated Powell's constitutional rights; whether the District Court erred by dismissing Powell's motion for a mistrial; whether the District Court erred in estimating the quantity of drugs; and whether Powell was properly sentenced.
    Thompson's claims do not demonstrate reversible error; his conviction and sentence are affirmed.  Thompson's claims raise these issues: whether the District Court erred in its evidentiary rulings at trial; whether the District Court erred by denying Thompson's motion to suppress; whether there was cumulative error affecting Thompson's trial; whether the District Court erred by denying Thompson's motion to acquit; whether the District Court properly

III.  CONCLUSION

Defendant Powell's conviction and sentence are vacated; his case is remanded for further proceedings in accordance with this opinion.  We express no opinion on the merits of his motion to suppress.  On remand, the District Court remains free to reject the magistrate judge's determinations in whole or in part after holding a new hearing at which the disputed testimony may be reheard.

Defendant Thompson's conviction and sentence are affirmed.

AFFIRMED in part, VACATED and REMANDED in part.

---

calculated and applied the sentencing guidelines; and whether Thompson's sentence was reasonable.