[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13655
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 26, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-00020-WLS-TQL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOE JOHNSON, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(April 26, 2011)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Joe Johnson, III, appeals his 274-month sentence imposed after he

conditionally pleaded guilty to possession with intent to distribute five grams or

more of crack cocaine.  Johnson contends that the district erred when it found that he was a "recent occupant" of his truck and on that basis denied his motion to suppress drug evidence seized in a warrantless search of his truck.  Johnson also contends that his 274-month sentence is substantively unreasonable.

I.

On June 7 and June 8, 2007, Johnson sold a confidential informant crack cocaine in a Walmart parking lot.  Four arrest warrants were issued for him, two concerning the sale of cocaine and two concerning the use of a communication facility to facilitate a drug transaction.  On June 13, 2007, the officers arrested Johnson during his lunch break while he sat in his truck in the parking lot outside the building where he worked; it was about a mile from the Walmart parking lot where he had sold the drugs five and six days earlier.  When the officers searched his truck they found a lidded cup in the passenger compartment containing 17.5 grams of crack cocaine and 16.7 grams of powder cocaine.

Johnson was charged with one count of possession with intent to distribute cocaine hydrochloride and three counts of possession with intent to distribute crack cocaine.  He filed a motion to suppress the evidence found as a result of the search of his truck.  The district court held a hearing on that motion, at which it heard testimony from Duane Sapp and Tommy Goodwin, two officers involved in

Johnson's arrest, and Robert Couch and Chad Goss, two of Johnson's co-workers who witnessed the arrest.

Officer Sapp testified that on June 13, 2007, he was positioned a few hundred yards away from Johnson's truck. He explained that the officers had carefully planned the arrest because when Sapp and some other officers had attempted to arrest Johnson on an earlier occasion he had led them on a high speed chase and rammed a police car. So on June 13 he and other officers were strategically placed at various places surrounding the parking lot. Using "military-grade" binoculars Sapp watched Johnson open the driver's side door of his truck and get into it. After Johnson got into the truck, Sapp radioed to the other officers to move in and make the arrest. By the time the officers arrested Johnson he was outside of his truck. When Sapp arrived a minute later he searched Johnson's truck and found the cocaine.

Officer Goodwin was located about 140 yards away from Johnson's truck and could not see it. He listened to Sapp say over the radio that Johnson was walking up to the truck and then say that Johnson had gotten into the truck. After Sapp gave the orders to move in, Goodwin drove up and saw Johnson standing next to the truck with the driver's side door open. He then saw Johnson shut the door and walk away from it. Goodwin yelled at him to put up his hands and get to

3

the ground.  Johnson complied and Goodwin handcuffed and arrested him.

Couch testified that he was eating lunch at a picnic table about 30 feet from Johnson's truck.  Couch said that he did not remember seeing Johnson in his truck.  However, when he was asked whether Johnson was in the truck, he replied "I really couldn't tell you that or not."  He added, "Now whether he actually went in his truck, I don't know.  I just didn't observe anything."

Goss was also seated at a picnic table near Johnson's truck.  He testified that shortly before the arrest Johnson "was sitting right beside me" at the picnic table.  Goss contradicted himself later, however, testifying that "the break tables are approximately six foot in length.  [Johnson] was at one end and I was at the other."  Either way, he testified that Johnson did not get in to his truck.

After the evidentiary hearing and after the parties had filed post-hearing briefs, the district court denied Johnson's motion to suppress.  It found that Johnson was a "recent occupant" of the truck and thus that the search was valid as a search incident to arrest.  Johnson then pleaded guilty to the third count in the indictment, which was that he possessed with intent to distribute five grams or more of crack cocaine.

Thereafter, the district court conducted the sentence hearing.  Johnson had a long criminal history, which included convictions for possession of marijuana,

multiple possessions of cocaine with intent to distribute, aggravated assault,

criminal trespass, obstruction, and assault on a police officer. With that criminal

history and because he qualified as a career offender his guidelines range was 262

to 327 months imprisonment. Johnson asked the court not to sentence him as a

career offender, which would have reduced his guidelines range to between 120

and 125 months imprisonment. The court decided not to ignore Johnson's

criminal past, explaining that:

> There's a case you got a possession of cocaine with intent to distribute, you were sentenced to 12 years, to serve 3 years, balance on probation. That was on July 15th, 1993. And you were paroled on February 9th, 1994, which means probably less than half that sentence was actually served in confinement. In 1995, there was possession with intent to distribute cocaine where you were sentenced on May 23rd, 1996, to 20 years, to serve 10 years, and the balance was on probation. And you were paroled less than a year later on January 15th, 1997. And the second sentence on the same date you got the same 20 years and to -- concurrent 20 years on probation and 200 hours of community service. Less than two years later your probation was revoked for two years, and the year after that you were paroled. The case we talked about earlier, the one with the obstructions and the assault, you were sentenced to 10 years imprisonment on Count 4, and 20 years on Count 5. They were all run concurrently, and serve 12 years and the balance was on probation and a fine. That was a sentence that took place in January 14, 2002, and less than three years later, you were paroled on that case. What I am getting at is even when you were given substantial periods of time in confinement by the sentence, you served relatively short periods, and that's what I am getting at when I say you have had the benefit of probation and parole previously and have not taken advantage of it. And that's a deterrent factor the Court has to take into account. And also it says to protect the public from further crimes of the defendant. Short

5

sentences has not protected the public from your criminal conduct because each time you have gone back into doing it again.

The court then sentenced Johnson to 274 months imprisonment—near the lower end of the guidelines range.

## II.

"We review denial of a motion to suppress as a mixed question of law and fact." United States v. Powell, 628 F.3d 1254, 1256 (11th Cir. 2010). "Questions of law are reviewed de novo, while determinations of fact are reviewed for clear error." Id. Where testimony presented by opposing witnesses at the suppression hearing is in direct conflict, we will defer to the district court's determinations "unless [the court's] understanding of the facts appears to be unbelievable." United States v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2002) (quotation marks omitted). "Further, when considering a ruling on a motion to suppress, all facts are construed in the light most favorable to the prevailing party below." United States v. Bervaldi, 226 F.3d 1256, 1262 (11th Cir. 2000).

The district court found that Johnson was a "recent occupant" of his truck and thus the warrantless search was warranted as a search incident to arrest. See Arizona v. Gant, ___ U.S. ___, 129 S.Ct. 1710, 1723 (2009) ("Police may search a vehicle incident to a recent occupant's arrest . . . [if] it is reasonable to believe the

6

vehicle contains evidence of the offense of arrest."). Johnson contends that the district court erred when it found that he was a "recent occupant" of his truck by "improperly credit[ing] the testimony of Government witnesses." At the suppression hearing officer Sapp testified that he saw Johnson in his truck and officer Goodwin testified that he saw Johnson next to his truck with the door open when he arrived to arrest him. The district court did not clearly err when it credited those officers testimony over Goss, who gave inconsistent testimony regarding Johnson's location during lunch.

## III.

To determine if a sentence is substantively reasonable, "we must, as the Supreme Court has instructed us, consider the totality of the facts and circumstances." United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010). "[O]rdinarily we . . . expect a sentence within the Guidelines range to be reasonable." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). We will vacate a sentence for substantive unreasonableness "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [18 U.S.C.] § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Irey, 612 F.3d at 1190 (quotation marks omitted). "The party challenging

the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).

The totality of the circumstances show that Johnson's sentence was reasonable. As Johnson concedes in his initial brief, the district court "engaged in a lengthy colloquy . . . regarding the competing interests driving the court's sentencing analysis." Also, considering Johnson's criminal history in addition to his guilty plea, his within-the-guidelines-range sentence was reasonable because of the need to promote respect for the law, deter future conduct, and protect the public.

**AFFIRMED.**