[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12449
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cr-20108-DMM-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNSON THELISMA,
a.k.a. Haitian Boy,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 19, 2014)

Before WILSON, KRAVITCH and ANDERSON, Circuit Judges.

PER CURIAM:

Johnson Thelisma appeals his conviction and 360-month sentence for conspiracy to possess with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 846.  For the reasons that follow, we vacate and remand.

I.

In 2008, Thelisma was indicted for a drug conspiracy offense involving fifty grams or more of crack cocaine.  Defense counsel negotiated a plea agreement in which Thelisma would plead guilty to a lesser amount of drugs, the sentence for which carried a mandatory minimum sentence of five years and a maximum term of forty years' imprisonment.  Thelisma rejected this deal.

The government offered a second plea agreement in which Thelisma would plead to a conspiracy offense involving an indeterminate amount of crack, for which there was no mandatory minimum sentence and a statutory maximum of twenty years' imprisonment.  Although the parties dispute whether defense counsel advised Thelisma of this offer, what is undisputed is that prior to trial, defense counsel was unaware that Thelisma faced an enhanced statutory penalty up to life imprisonment if convicted of the charge alleged in the indictment.

After defense counsel advised the government that Thelisma had rejected the second plea offer, the government filed a notice of its intent to seek enhanced penalties under 21 U.S.C. § 851, which subjected Thelisma to a mandatory term of

2

life imprisonment.  Thelisma was convicted at trial and sentenced to a mandatory term of life imprisonment.  This court affirmed his conviction and life sentence on direct appeal.  *United States v. Thelisma*, 356 F. App'x 217 (11th Cir. 2009) (unpublished).

In 2011, Thelisma filed a 28 U.S.C. § 2255 motion to vacate his sentence, alleging, relevant to the instant appeal, ineffective assistance of counsel after counsel (1) improperly informed him that he faced a statutory maximum term of 20 years' imprisonment rather than a mandatory life sentence if he proceeded to trial and lost, and (2) failed to present to him the government's second proposed plea agreement that would have limited his sentencing exposure to a statutory maximum of 20 years' imprisonment.

Following an evidentiary hearing, a magistrate judge recommended granting the § 2255 motion, concluding that Thelisma's trial counsel had been ineffective by failing to advise Thelisma of the possible enhanced sentence and mandatory life imprisonment.  Additionally, the magistrate judge concluded that counsel had rendered ineffective assistance by failing to convey to Thelisma the second plea offer.  Thus, the magistrate judge recommended that Thelisma "be resentenced upon his plea of guilty in a manner consistent with the second government plea offer."

3

The district court granted the § 2255 motion in part, agreeing that trial counsel had been ineffective for failing to advise Thelisma that he faced a mandatory life sentence if the government filed a § 851 notice and he was convicted.  But the district court disagreed with the magistrate judge's finding that the second plea offer was not otherwise properly conveyed to Thelisma.  In so doing, the court did not conduct its own evidentiary hearing or take any additional testimony.  The district court concluded that the appropriate remedy was to resentence Thelisma without the § 851 enhancement.

At Thelisma's resentencing, Thelisma repeatedly requested that the court sentence him consistent with the terms of the second plea agreement, which would have given him a guideline range of 168 to 210 months' imprisonment and a statutory maximum sentence of 240 months.  The court rejected Thelisma's calculations and determined the new guideline range to be 262 to 327 months' imprisonment based on Thelisma's status as a career offender.  The court then explained that it was considering an upward variance due to Thelisma's criminal history, and ultimately sentenced Thelisma to 360 months' imprisonment. Thelisma now appeals.

## II.

Thelisma argues that the district court erred by rejecting the magistrate judge's credibility determination that Thelisma's trial counsel failed to convey the

4

terms of the second plea agreement.  He asserts that, under *Lafler v. Cooper*, 566

U.S. __, 132 S.Ct. 1376 (2012), the appropriate remedy for counsel's failure to

convey the second plea agreement was to require the government to re-offer the

terms of the second plea agreement.  Thus, according to Thelisma, his sentence

exceeds the statutory maximum sentence of 240 months as contained in the second

plea agreement.

Before we address the merits of Thelisma's appeal, we must determine

which issues are properly before us.  Thelisma filed a notice of appeal in his

criminal case indicating his intent to appeal "his amended final judgment of

conviction and sentence entered on the docket May 30, 2013."   But he did not file

a notice of appeal, or request a certificate of appealability (COA), in the

companion § 2255 case, which carried a different case number.  Nevertheless, we

will construe the notice of appeal to include an appeal from the partial denial of the

§ 2255 motion.[1]  *See, e.g., United States v. Futch*, 518 F.3d 887, 894 (11th Cir.

2008) (construing notice of appeal to include both resentencing and § 2255 claims

because the resentencing constituted both the final judgment in the criminal case

and the completion of the § 2255 proceeding).

---

[1]  We note that the government does not argue that we lack jurisdiction to consider the issues
Thelisma raised in his § 2255 motion and instead responds to the merits of the arguments.
Additionally, although the issues Thelisma raises on appeal relate to his ineffective-assistance-
of-counsel claims in his § 2255 motion, we may consider a claim of ineffective assistance of
counsel on direct appeal where, as here, the record is sufficiently developed. *United States v.
Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002).

Because Thelisma did not request a COA from the district court, in accordance with *Edwards v. United States*, 114 F.3d 1083, 1084 (11th Cir. 1997), we issued a limited remand instructing the district court to address a COA in the first instance.  The district court has denied a COA, and we now consider whether Thelisma has "made a substantial showing of the denial of a constitutional right" to merit granting a COA.  28 U.S.C. § 2253(c)(2).

We conclude that Thelisma has met his burden.  The magistrate judge found that Thelisma was denied constitutionally effective counsel when his attorney failed to apprise him of the penalties he faced and to discuss the second plea proffer with him.  The district court accepted the magistrate judge's findings as to the first issue, but rejected them as to the second.  This discrepancy shows that the issues are debatable, and Thelisma has thus made the necessary "substantial showing of the denial of a constitutional right."  *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

## III.

Turning to the merits, Thelisma argues that the district court erred when it rejected the magistrate judge's credibility determinations and substituted its own without conducting an evidentiary hearing to hear the live testimony.

We agree.  Our precedent is clear: "the district judge should not enter an order inconsistent with the credibility choices made by the magistrate [judge]

6

without personally hearing the live testimony of the witnesses whose testimony is determinative." *Louis v. Blackburn*, 630 F.2d 1105, 1109 (5th Cir. 1980) (discussing credibility issue in post-conviction case); *see also United States v. Powell*, 628 F.3d 1254, 1256-57 (11th Cir. 2010) (discussing credibility issue in context of a motion to suppress). Both the testimony and the demeanor of the witnesses are important. *Powell*, 628 F.3d at 1256 n.6 (citing *Louis*, 630 F.2d at 1109).

At the § 2255 hearing, Thelisma testified that he was never shown the second plea offer and was never informed by counsel that he faced a mandatory life sentence. He stated that he would have pleaded guilty under the terms of the second plea offer had he known of it.

Defense counsel Ana Davide admitted that she never reviewed the potential statutory maximum Thelisma faced and that she was "shocked" to learn he faced a mandatory life sentence. She further testified that her usual practice was to have her client write his rejection of a plea offer on the last page and sign it. Thelisma did so with the first plea offer, but the second plea contained no such notation. Davide testified that she met with Thelisma on either July 31 or August 1, 2008, to discuss the second plea and that he rejected it. She explained that there was no notation on the plea because, when she visited Thelisma to discuss it, Thelisma

was in lock-up and there was a wall preventing her from handing him the documents.

Based on this testimony, the magistrate judge found that "[a]fter careful consideration of the testimony of the movant in the context of this case and close observation of his demeanor at the evidentiary hearing, and taking into account the interests of those involved in the outcome of this proceeding, [I] find the movant's testimony credible." The magistrate judge found that the record evidence of email communications between defense counsel and the government supported Thelisma's testimony. Although the magistrate judge found it "troubling" that there were inconsistencies between Thelisma and Davide's testimonies with respect to the dates on which they met, and he credited Davide's testimony on this issue, the magistrate judge found nothing in the record to conclude that Thelisma was advised of the second plea agreement. The magistrate judge specifically noted that Davide's testimony was "very noncommittal and vague" as to what she and Thelisma discussed. Thus, the magistrate judge concluded that counsel was constitutionally deficient, and recommended that the court resentence Thelisma in accordance with the terms of the second plea agreement.

The district court conducted a *de novo* review and rejected the magistrate judge's conclusions about the second plea agreement and the appropriate remedy.

In reaching this conclusion, the district court credited Davide's testimony that she had conveyed the second plea agreement to Thelisma.

The district court's actions are inconsistent with our precedent requiring district courts to make credibility determinations only after hearing the testimony live. Accordingly, because the district court in Thelisma's case rejected the magistrate judge's credibility determinations without rehearing the testimony live, we vacate and remand for further proceedings.[2]

**VACATED and REMANDED.**

_____

[2] Because we remand for further proceedings, we do not address the merits of Thelisma's ineffective-assistance-of-counsel claims or his arguments that the court erred in the remedy it fashioned for counsel's ineffectiveness.