381 So.2d 1119 (1979)
Donald ETCHER, et Ux., Appellants,
v.
James B. BLITCH, Appellee.
No. MM-407.
District Court of Appeal of Florida, First District.
November 7, 1979.
Rehearing Denied November 30, 1979.
William N. DeCarlis, Gainesville, for appellants.
John F. Roscow, III, of Scruggs, Carmichael, Long, Tomlinson, Roscow, Pridgeon, Helpling & Young, Gainesville, for appellee.
ROBERT P. SMITH, Jr., Acting Chief Judge.
The jury found for the defendant on appellants' claim of assault and battery, apparently crediting defendant's defense of self-defense, after the trial court on defendant's motion eliminated appellants' alternative claim of negligence and with it the possibility of a partial recovery by plaintiffs on a theory of comparative negligence. Although the question is a close one, we believe the trial judge properly ruled that the tort committed was an intentional one, to which a plea of self-defense is an absolute bar, and that there was no legitimate view of the evidence on which the jury could have found that defendant shot appellant Donald Etcher negligently, that is to say, unintentionally and without due care. Etcher was seriously wounded in the climax of a running encounter between his automobile and the defendant's. At one point, while the cars were moving, defendant raised a revolver in the air to frighten Etcher. When the cars stopped, Etcher rushed defendant's automobile, pounded on the top, and thrust his hand through the half-open window in an attempt to open the locked door. Then defendant pointed the revolver in Etcher's general direction intending, he said, to frighten Etcher by shooting out the window; he shot Etcher instead. His act was in law intentional, not negligent. Spivey v. Battaglia, 258 So.2d 815 (Fla. 1972); McDonald v. Ford, 223 So.2d 553 (Fla. 2d DCA 1969); Stafford v. Hayes, 327 So.2d 871 (Fla. 1st DCA 1976).
AFFIRMED.
ERVIN and BOOTH, JJ., concur.