696 So.2d 1311 (1997)
Meredith A. PAUL, Appellant,
v.
Paul HOLBROOK and Professional Medical Products, Inc., Appellees.
No. 96-2496.
District Court of Appeal of Florida, Fifth District.
July 18, 1997.
Julius L. Williams of Julius L. Williams, P.A., Orlando, for Appellant.
Edward L. Scott of Scott & Gleason, P.A., Ocala, for Appellee Paul Holbrook.
Kimberly A. Wells, Carlos J. Burruezo, and David L. Gordon of Jackson, Lewis, Schnitzler and Krupman, Orlando, for Appellee Professional Medical Products, Inc.
ORFINGER, R.B., Associate Judge.
Meredith A. Paul ("Paul") appeals an order of the trial court granting summary judgment in favor of Professional Medical Products, Inc. ("PMP") and Paul Holbrook ("Holbrook") on Paul's claims against Holbrook and PMP for assault, battery, intentional infliction of emotional distress, negligent infliction of emotional distress and negligent hiring and retention. We affirm the entry of summary judgment in all respects except as to the battery claim against Holbrook. On that single claim, we reverse.
Paul and Holbrook are former employees of PMP. Paul testified that Holbrook was her co-worker and not her supervisor. On various occasions, Paul worked alone with Holbrook. During some of these times, Paul alleges that Holbrook harassed her by asking that she wear revealing clothing and suggesting that they engage in sexual relations. Paul claims that on two occasions, Holbrook came up behind her while she was working and tried to massage her shoulders. On both occasions, Paul immediately pulled away and told Holbrook to leave, which he did. After Paul complained to PMP's management, she and Holbrook never again worked the same shifts and his improper behavior toward her ended.
*1312 While Paul takes issue with the trial court's judgment in its entirety, we find merit only in Paul's contention that the trial judge erred in granting summary judgment on her battery claim against Holbrook, finding that Holbrook's contact with Paul amounted to no more than a "casual touching" and concluding that Paul failed to produce evidence establishing intent.
A battery consists of the infliction of a harmful or offensive contact upon another with the intent to cause such contact or the apprehension that such contact is imminent. Sullivan v. Atlantic Fed. Sav. & Loan Ass'n, 454 So.2d 52, 54 (Fla. 4th DCA 1984), review denied, 461 So.2d 116 (Fla.1985); Chorak v. Naughton, 409 So.2d 35, 39 (Fla. 2d DCA 1981); Restatement (Second) of Torts § 18 (1965); W. Page Keeton, et al., Prosser and Keeton on Torts § 9 (5th ed.1984). Professor Prosser's treatise explains that the tort of battery exists to protect the integrity of the person. As Prosser & Keeton wrote in section 9:
Proof of the technical invasion of the integrity of the plaintiff's person by even an entirely harmless, but offensive contact entitles the plaintiff to vindication of the legal right by an award of nominal damages, and the establishment of the tort cause of action entitles the plaintiff also to compensation for the resulting mental disturbance, such as fright, revulsion or humiliation.
Id. (footnotes omitted). Once a contact has been established, its character becomes the focus:
The element of personal indignity involved always has been given considerable weight. Consequently, the defendant is liable not only for contact which do actual harm, but also for those relatively trivial ones which are merely offensive and insulting....
The time and place, and the circumstances under which the act is done, will necessarily affect its unpermitted character, and so will the relations between the parties. A stranger is not to be expected to tolerate liberties which would be allowed by an intimate friend. But unless the defendant has special reason to believe that more or less will be permitted by the individual plaintiff, the test is what would be offensive to an ordinary person not unduly sensitive to personal dignity.
Id. (footnotes omitted). Offensiveness is an essential element of the tort. The trial court, relying on Gatto v. Publix Supermarket, Inc., 387 So.2d 377 (Fla. 3d DCA 1980), concluded that, as a matter of law, Holbrook's actions were not offensive. The plaintiff in Gatto testified that a store employee, in attempting to retrieve allegedly stolen items from the plaintiff's hands, "came into contact with either part of [his] palm or [his] wrist or [his] arms." 387 So.2d at 379. The third district concluded that this was not evidence of an offensive contact. But, the act of approaching a co-worker from behind while on the job and attempting to massage her shoulders is, in the circumstances of this case, not capable of such summary treatment. On these facts, offensiveness is a question for the trier of fact to decide. See D.C. v. State, 436 So.2d 203, 205 (Fla. 1st DCA 1983).
The trial court also found that Paul failed to produce evidence establishing Holbrook's intent to commit a battery. Proof of intent to commit battery is rarely subject to direct proof, but must be established based on surrounding circumstances. Bostic v. State, 638 So.2d 613 (Fla. 5th DCA 1994). Based on the record before this court, a jury could reasonably infer that Holbrook intended to touch Paul in a matter that would constitute a battery. No evidence of an intention to cause harm is necessary.
The trial court properly granted summary judgment against Paul in all respects except with regard to the battery claim against Holbrook. On that claim, we reverse. In all other respects, we affirm the trial court's judgment.
AFFIRMED in part; REVERSED in part; and REMANDED for further proceedings consistent with this opinion.
HARRIS and PETERSON, JJ., concur.