894 So.2d 1061 (2005)
Gary C. QUILLING, Appellant,
v.
David J. PRICE, Appellee.
No. 5D04-317.
District Court of Appeal of Florida, Fifth District.
February 4, 2005.
Rehearing Denied March 9, 2005.
*1062 Gary C. Quilling, Mayo, pro se.
Michael G. Stofer and Frank A. Miller of Caglianone, Miller Anthony, P.A., Brooksville, for Appellee.
PALMER, J.
Gary C. Quilling appeals the trial court's order dismissing his civil complaint against appellee, David Price, for the failure to state a cognizable cause of action. Concluding that Quilling's complaint does state a cause of action for the tort of battery, we reverse.
Quilling is incarcerated in a Florida prison. He filed a pro se complaint against Price alleging that Price had battered him with a large bladed knife, sword, or machete, breaking Quilling's left arm and hand. Additionally, the complaint alleged that Price had battered Quilling with a baseball bat, striking him four times. Quilling's complaint appeared to seek relief *1063 under a claim for negligence regarding Price's alleged attack since it alleged that, as a result of Price's conduct, Quilling suffered bodily injury, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of surgery and hospitalization, medical and nursing care and treatment, and loss of future earning capacity. The complaint also alleged that Quilling's losses were either permanent or continuing, and that he would continue to suffer losses in the future. The complaint demanded a judgment for compensatory and punitive damages against Price as well as a trial by jury.
In response, Price filed a motion to dismiss the complaint claiming that the complaint failed to state a cognizable cause of action. Specifically, the motion alleged that the criminal allegations made against Price in Quilling's complaint were not civil in nature and did not rise to a civil cause of action. Price also filed a motion to strike Quilling's claim for punitive damages. The trial court granted Price's motion to dismiss which rendered moot Price's motion to strike. This appeal followed.
As a preliminary matter, Price claims that this court lacks jurisdiction to review this appeal because Quilling's notice of appeal was untimely filed, in that it was filed 31 days after the trial court entered its dismissal order. We disagree.
On the issue of timeliness, rule 9.420(a)(2) of the Florida Rules of Appellate Procedure provides as follows:
Rule 9.420. Filing; Service of Copies; Computation of Time
(a) Filing.
* * *
(2) Inmate Filing. A document filed by a pro se inmate confined in an institution is timely filed if the inmate places the document in the hands of an institution official for mailing on or before the last day for filing. Such a document shall be presumed to be timely filed if it contains a certificate of service certifying that the inmate placed the document in the hands of an institution official for mailing on a particular date, and if the document would have been timely filed had it been received and file-stamped by the court on that date.
Fla.R.App.P. 9.420(a)(2). Pursuant to this "mailbox rule," as articulated by the Florida supreme court, a pleading is deemed "filed" when it is placed in the hands of prison officials. Haag v. State, 591 So.2d 614, 617-18 (Fla.1992). A pleading that contains a certificate of service dated prior to the expiration for timely filing is sufficient to invoke the "mailbox rule." Griffin v. Sistuenck, 816 So.2d 600, 601-02 (Fla.2002).
Here, the trial court entered its order of dismissal on December 22, 2003. Quilling's notice of appeal includes a certificate of service indicating that the notice of appeal was furnished to the attorney representing Price by first class U.S. mail on January 20, 2004. There is also a notation that the letter was hand-delivered to a prison official for mailing on January 20, 2004. Accordingly, under the "mailbox rule", Quilling's notice of appeal was timely filed.
Turning to the merits of Quilling's appeal, Quilling fashions his tort claim as one for "aggravated battery," although the law of torts only recognizes the tort of "battery". Battery consists of the infliction of a harmful or offensive contact upon another with the intent to cause such contact or the apprehension that such contact is imminent. Paul v. Holbrook, 696 So.2d 1311 (Fla. 5th DCA 1997). Although inartfully drafted, Quilling's complaint *1064 states a valid cause of action for the tort of battery.
Quilling's complaint also apparently attempts to state a cause of action for negligence. However, assault and battery are intentional torts, as opposed to torts based on negligence. See City of Miami v. Sanders, 672 So.2d 46 (Fla. 3d DCA 1996)(holding there is no cause of action for "negligent" use of excessive force for injuries resulting from lawful arrest because there is no such thing as "negligent" commission of "intentional" tort). Therefore, Quilling's complaint fails to state a cause of action for negligence.
In closing, with regard to Quilling's claim for punitive damages, since he has not complied with section 768.72 of the Florida Statutes, his claim for punitive damages must be stricken.
The final order of dismissal is REVERSED, and this matter is REMANDED with directions to reinstate Quilling's complaint for battery and to strike his claim for punitive damages.
REVERSED and REMANDED.
ORFINGER and TORPY, JJ., concur.