William E. LONG and Shirley Skafec–Long, Plaintiffs,

v.

Richard Colson BAKER, a/k/a "Machine Gun Kelly", Defendant.

Case No. 8:12–cv–1943–T–35TBM.

United States District Court, M.D. Florida, Tampa Division.

Signed Aug. 7, 2014.

---

James E. Flynn, Jr., The Law Firm of James E. Flynn, Jr., Esquire, Roy L. Glass, Law Office of Roy L. Glass, PA, St. Petersburg, FL, for Plaintiffs.

Brian J. Perreault, Jr., Stephen Hunter Johnson, Lydecker Diaz, Miami, FL, for Defendant.

### *ORDER*

MARY S. SCRIVEN, District Judge.

**THIS CAUSE** comes before the Court for consideration of the Report and Recommendation issued by Magistrate Judge Thomas B. McCoun III on June 20, 2014 (Dkt. 142). The Report and Recommendation recommends that Plaintiff's Motion for Partial Summary Judgment (Dkt. 98) be granted in part and denied in part, and that Defendant's Motion for Summary Judgment (Dkt. 99) be denied. Plaintiffs timely filed objections to the Report and Recommendation (Dkt. 147), to which Defendant filed a response (Dkt. 152). Defendant also timely filed objections to the Report and Recommendation (Dkt. 150). Plaintiffs did not respond to Defendant's objections.

## I. Procedural History

Plaintiffs, William E. Long and his wife, Shirley Skafec–Long, filed a three-count Complaint that was removed to this Court on August 28, 2012. The Complaint alleges that Defendant, a musical performer, and his entourage initiated and engaged in a bar fight at Bishop's Tavern in St. Petersburg, Florida, on January 29, 2012. Mr. Long was employed as a bouncer at Bishop's Tavern. He alleges that, during his attempt to quell the fracas, he was struck on his right hand by a bottle of liquor that was being swung by Defendant. Mr. Long suffered a laceration across the knuckle of his hand, which subsequently became infected and required surgery, physical therapy, and antibiotic treatment. In Count I of the Complaint, Mr. Long asserts a claim for battery. In Count III, Mrs. Long asserts a claim for loss of consortium.[1] Defendant filed an Answer in which he denied all the pertinent allegations and asserted twenty-four affirmative defenses.

## II. Standard of Review

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); *United States v. Powell,* 628 F.3d 1254, 1256 (11th Cir.2010). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Farias–Gonzalez,* 556 F.3d 1181, 1184 n. 1 (11th Cir.2009). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ. of Ga.,* 896 F.2d 507, 512 (11th Cir.1990) (quoting H.R. 1609, 94th Cong., § 2 (1976), 1976 U.S.C.C.A.N. 6162, 6163). The district judge reviews legal conclusions de novo, even in the absence of an objection. *See Cooper–Houston v. S. Ry. Co.,* 37 F.3d 603, 604 (11th Cir.1994). A district court may not reject the credibility determinations of a magistrate judge without personally rehearing disputed tes-

1. Count II was dismissed with prejudice on October 2, 2012. (Dkt. 15)

timony from the witness. *Powell,* 628 F.3d at 1256–58.

### III. Discussion

A. *Plaintiff's Objections*

In their Motion for Partial Summary Judgment, Plaintiffs contend that there is no evidence to support Defendant's affirmative defenses, and that they are entitled to summary judgment on all the affirmative defenses pertaining to self-defense, unintentional touching, negligence, and accident. In the Report and Recommendation, Judge McCoun recommended that Plaintiffs' motion be granted as to Defendant's First, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Tenth, Eleventh, Thirteenth, Fifteenth, Eighteenth, Nineteenth, Twenty–First, Twenty–Third, and Twenty–Fourth Affirmative Defenses, and that the motion be denied as to Defendant's Second, Ninth, Twelfth, Fourteenth, Sixteenth, Seventeenth, Twentieth, and Twenty–Second Affirmative Defenses.

Plaintiff raises the following objections to Judge McCoun's recommendations: (1) the Eleventh affirmative defense should have been stricken *with* prejudice; (2) the Twelfth affirmative defense should have been stricken; and (3) the Twentieth and Twenty–Second defenses should have been stricken.

In his Eleventh affirmative defense, Defendant alleges that Plaintiffs fail to state a claim for which relief can be granted. The Court agrees with Judge McCoun that failure to state a claim for which relief may be granted is not an affirmative defense, but rather, a failure of pleading. *See U.S. v. Halifax Hosp. Medical Center,* 2013 WL 6017329 (M.D.Fla. Nov. 13, 2013). As such, it is appropriate to strike this defense, but Defendant should not be precluded from otherwise asserting this failure of pleading as a specific denial of Plaintiffs' allegations. *See Geller v. von Hagens,* 2011 WL 2581187, *3 (M.D.Fla. June 29, 2011) (finding "failure to state a claim" was not a sufficient affirmative defense, but treating it as a specific denial of plaintiffs' claims); *Denarii Systems, LLC v. Arab,* 2013 WL 500826, *6 (S.D.Fla. Feb. 11, 2013) (same). Accordingly, the Court agrees with Judge McCoun's recommendation that the Eleventh Affirmative Defense be stricken without prejudice.

With respect to Judge McCoun's recommendations that the Twelfth, Twentieth, and Twenty–Second affirmative defenses not be stricken, Plaintiffs' objections are merely reassertions of the same arguments they made in their Motion for Partial Summary Judgment. The Court believes these arguments were properly considered and sufficiently addressed by Judge McCoun, particularly in footnote 6 of the Report and Recommendation.

B. *Defendant's Objections*

■ In his Motion for Summary Judgment, Defendant argues summary judgment is warranted on Mr. Long's battery claim because there is no genuine issue of material fact with respect to whether Defendant intended to injure Mr. Long and whether the injury Mr. Long suffered was caused by Defendant swinging the bottle. Judge McCoun recommended that Defendant's motion be denied because the evidence proffered by Plaintiffs establishes genuine issues of material fact as to the allegations of battery.

Defendant objects to the Report and Recommendation, asserting the same arguments with respect to intent and causation that he made in his motion for summary judgment. Again, the Court finds that these argument were properly considered by Judge McCoun. Upon its own review of the facts and the applicable law,

the Court agrees with Judge McCoun that there are genuine issues of material fact about the events that took place on the night of January 29, 2012, particularly whether Defendant intended to cause a harmful and offensive contact with Mr. Long, and whether Mr. Long's injuries were a result of being struck with the bottle being swung by Defendant. The Court is unable to resolve the disputed testimony upon a motion for summary judgment and believes that a reasonable jury could resolve these issues in favor of either party, depending on which version of the facts it finds most persuasive. The ability to weigh the evidence and make determinations of credibility lies within the province of the jury, not the Court. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Because this case rests so heavily on competing versions of the facts, summary judgment is inappropriate.

In addition to his substantive objections, Defendant also objects to Judge McCoun's recommendation that his Third, Fourth, Tenth, Thirteenth, and Eighteenth affirmative defenses should be stricken because they were waived by Defendant at the June 17, 2014 hearing on the Parties' motions for summary judgment. The Court has reviewed the audio transcript of that hearing. Counsel for defendant made no objection when Judge McCoun determined that the Third and Fourth affirmative defenses appeared to have been waived by agreement of the Parties. Additionally, counsel expressly conceded that the Tenth, Thirteenth, and Eighteenth affirmative defenses were not applicable to the facts of this case. Accordingly, the Court finds that each of these defenses were waived.

Finally, the Court agrees with Judge McCoun's determination that Defendant's Fifth, Eleventh, and Fifteenth affirmative defenses do not state affirmative defenses recognized under Florida law, but pertain to issues that may be appropriate to raise by motion at some other point in the course of this litigation.

## IV. CONCLUSION

Upon consideration of the Report and Recommendation, and in conjunction with an independent examination of the file, including a *de novo* review of both Plaintiffs' and Defendant's objections, the Court is of the opinion that the Report and Recommendation should be ADOPTED, CONFIRMED, and APPROVED in all respects.

It is hereby **ORDERED** as follows:

1. Plaintiff's Motion for Partial Summary Judgment (Dkt. 98) is **GRANTED** in part and **DENIED** in part.
2. Plaintiff's Motion for Partial Summary is **GRANTED** as to Defendant's First, Third, Fourth, Sixth, Seventh, Eighth, Tenth, Thirteenth, Eighteenth, Nineteenth, Twenty–First, Twenty–Third, and Twenty–Fourth Affirmative Defenses, which are **STRICKEN with prejudice.** Defendant's Fifth, Eleventh, and Fifteenth Affirmative Defenses are **STRICKEN without prejudice.**
3. Plaintiff's Motion for Partial Summary is **DENIED** as to Defendant's Second, Ninth, Twelfth, Fourteenth, Sixteenth, Seventeenth, Twentieth, and Twenty–Second Affirmative Defenses.
4. Defendant's Motion for Summary Judgment (Dkt. 99) is **DENIED.**

## *REPORT AND RECOMMENDATION*

THOMAS B. McCOUN III, United States Magistrate Judge.

THIS CAUSE is before the Court on referral for a Report and Recommendation

on motions for summary judgment. Plaintiffs filed a **Motion for Partial Summary Judgment [to Strike Defendant's Affirmative Defenses]** (Doc. 98), which Defendant opposes (Doc. 114), and Defendant filed a **Motion for Summary Judgment** (Doc. 99), which Plaintiffs oppose (Doc. 112).[1]

I.

Plaintiffs, William E. Long and his wife, Shirley Skafec–Long, filed a three-count Complaint that was removed to this Court in August 2012. By their allegations, the Defendant and his entourage initiated and engaged in a bar fight on or about January 29, 2012, at Bishop's Tavern in St. Petersburg, Florida. Mr. Long was a security guard at the tavern, and in his effort to quell the melee, he was struck on his right hand by Defendant who was swinging a bottle. In Count I, Plaintiffs alleged that Defendant, with specific intent to harm Mr. Long, intentionally hit and cut Mr. Long's finger thereby causing serious bodily injury, pain and suffering, loss of employment, and medical expenses. In Count III, Plaintiffs asserted a claim for loss of consortium on behalf of Mrs. Long.[2] (Doc. 2). In response, Defendant denied all pertinent allegations and asserted twenty-four affirmative defenses. (Doc. 34).

II.

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "A genuine factual dispute exists only if a reasonable fact-finder 'could find by a preponderance of the evidence that the [non-movant] is entitled to a verdict.'" *Kernel Records Oy v. Mosley,* 694 F.3d 1294, 1300 (11th Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The moving party bears the initial burden of showing, by reference to materials on file, that there are no genuine disputes of material fact that should be decided at trial. *Hickson Corp. v. N. Crossarm Co.,* 357 F.3d 1256, 1260 (11th Cir.2004) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). "Once the movant adequately supports its motion, the burden shifts to the nonmoving party to show that specific facts exist that raise a genuine issue for trial." *Dietz v. Smithkline Beecham Corp.,* 598 F.3d 812, 815 (11th Cir.2010) (citation omitted). The evidence presented must be viewed in the light most favorable to the nonmoving party. *Ross v. Jefferson Cnty. Dep't of Health,* 701 F.3d 655, 658 (11th Cir.2012) (citation omitted). If there is a dispute between the parties' allegations or evidence, the nonmoving party's evidence is presumed to be true. *Shotz v. City of Plantation, Fla.,* 344 F.3d 1161, 1164 (11th Cir.2003). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine dispute over a material fact, summary judgment should not be granted. *Samples v. City of Atlanta,* 846 F.2d 1328, 1330 (11th Cir. 1988) (citation omitted).

III.

A.

By their Motion for Partial Summary Judgment (Doc. 98), Plaintiffs contend that

1. Both parties have filed deposition testimony in support of their respective motions. *See* (Docs. 97, 100).

2. Count II was dismissed without prejudice by Order dated October 2, 2012. (Doc. 15).

there is an abundance of evidence which establishes that Defendant and his "entourage" were "throwing bottles and yelling incendiary and racial epitaphs" in a bar fight on January 29, 2012, and during the bar fight, Mr. Long suffered a cut on a knuckle on his right hand which became infected and caused him serious bodily harm and damages. Plaintiffs assert that there are no facts or evidence to support Defendant's self-serving denials and affirmative defenses. Thus, they urge that Defendant's denials and affirmative defenses are insufficient as a matter of law.

In particular, Plaintiffs assert that Defendant has consistently denied that he struck Mr. Long and that he acted intentionally to cause a battery or harm him. However, those claims are contradicted by the testimony of numerous witnesses who saw Defendant wielding a bottle, including Mr. Long and Thomas McNeice, both of whom testified that Defendant hit Mr. Long with a bottle. Based on Defendant's consistent denials and Plaintiffs' contrary evidence indicating Defendant acted intentionally in striking Mr. Long, Plaintiffs contend they are entitled to summary judgment on a number of Defendant's affirmative defenses. Initially, Plaintiffs claim they are entitled to summary judgment on affirmative defenses raising claims of self-defense, unintentional touching, negligence, and accident.[3] They argue that such are inconsistent with, and repugnant to, Defendant's denials. Beyond those defenses, Plaintiffs generally challenge Defendant's First, Second, Third, Sixth, Seventh, Tenth, Eleventh, Thirteenth, Fourteenth, Sixteenth, Seventeenth, Eighteenth, and Nineteenth Affirmative Defenses on grounds that such are unsupported by facts or law. (Doc. 98).

In response (Doc. 114), Defendant argues that Plaintiffs repeatedly and falsely allege facts in their Motion that are unsupported by the evidence or which are contradicted by other testimony. In particular, insofar as Plaintiffs assert Defendant started the melee that resulted in Mr. Long's injury, the evidence reveals otherwise. Moreover, Defendant contends that Plaintiffs improperly rely upon inadmissible hearsay to support the claim that Mr. Long was struck by Defendant; Mr. Long's own testimony reveals that he did not know how he cut his hand; and Plaintiffs mischaracterize Defendant's testimony. While he did deny hitting Mr. Long with the bottle, Defendant acknowledged that he was in fear of bodily harm when he grabbed a vodka bottle in order to safely leave the premises.

Concerning his affirmative defenses, Defendant asserts that Plaintiffs fail to proffer relevant facts or legal authority in support of their claim that dismissal is warranted on his First, Third, Sixth, Seventh, Tenth, Eleventh, Fourteenth, Sixteenth, and Seventeenth Affirmative Defenses. Defendant argues that, given the extensive record cited by Defendant, those affirmative defenses should survive the Motion. As for the argument concerning his claims of self-defense or defense of others, Defendant argues that self-defense is an absolute bar to liability for battery under Florida Law where an individual uses force reasonably necessary in response to a battery and such may be asserted here. By Defendant's version of the events that night, he and members of

3. Although not particularly stated, Plaintiffs appear to challenge any claim of self defense in Defendant's Twentieth, Twenty-First, Twenty-Second, Twenty-Third, and Twenty-Fourth Affirmative Defenses; the claim that Defendant did not act intentionally in Defendant's Twelfth Affirmative Defense, and the negligence-related defenses in Defendant's Third, Sixth, Seventh, and Eighth Affirmative Defenses.

his party were invited to Bishop's Tavern where a melee ensued through no fault of his own. By Defendant's testimony, he witnessed security guards hitting his friends and he became fearful for his own safety and that of his band members. Contrary to Plaintiffs' contention, he has consistently maintained that while he may have grabbed a bottle, he did not strike anyone, and even if he did, such occurred while he was attempting to protect himself and his band members from imminent bodily harm. Thus, Defendant asserts that his claims of self-defense are adequately demonstrated and raise questions of fact sufficient to withstand Plaintiffs' Motion. Defendant also contends that, given Mr. Long's thirty-five years of experience in bars, he was aware he could be hit by a bottle and thus the defense of assumption of risk also survives the Motion.

As for particular affirmative defenses, Defendant asserts that his Second Affirmative Defense is unrelated to any negligence argument; rather, it simply sets forth the standard mitigation of damages defense which is applicable in the circumstances of this case. Regarding his Eighteenth and Nineteenth Affirmative Defenses, which claim a set-off and the benefit of the collateral source rule, respectively, Defendant argues that such do not require specific factual allegations or support. In sum, Defendant urges that the disputed versions of this bar-room fight demonstrate issues of material fact which dictate that Plaintiffs' Motion be denied. (Doc. 114).

I find it unnecessary to address in detail each of the challenges to the affirmative defenses.[4] As addressed at the hearing, Defendant now either waives or otherwise agrees not to pursue his First, Third, Fourth, Sixth, Seventh, Eighth, Tenth, Thirteenth, Eighteenth, Nineteenth, Twenty–First, Twenty–Third, and Twenty–Fourth Affirmative Defenses. Accordingly, as to those affirmative defenses now waived, it is recommended that each be **STRICKEN.**

As for the remaining affirmative defenses, Defendant's Second, Fifth, Ninth, Eleventh, Twelfth, Fourteenth, Fifteenth, Sixteen, Seventeenth, Twentieth and Twenty–Second Affirmative Defenses, the Motion should be **DENIED** as to the Second (mitigation of damages); the Ninth (Mr. Long's damages not related to incident), Fourteenth (Mr. Long's injuries were caused by prior, intervening or superceding events), Sixteenth (Mr. Long's injuries are the result of pre-existing conditions or were caused by subsequent injury), Seventeenth (medical expenses were not reasonable or necessary or causally related to this incident);[5] Twentieth and Twenty–Second (justified use of force to defend self and others), and Twelfth (Mr. Long's injury was unintentional).[6]

4. Under Florida law, "an 'affirmative defense' is any defense that assumes the complaint or charges to be correct but raises other facts that, if true, would establish a valid excuse or justification or a right to engage in the conduct in question. An affirmative defense does not concern itself with the elements of the offense at all, it concedes them. In effect, an affirmative defense says, 'Yes, I did it, but I had a good reason.'" *State v. Cohen,* 568 So.2d 49, 51–52 (Fla.1990).

5. Because there appears no evidentiary support for the additional/alternative claim that such medical bills were fraudulent, intentional, or artificially conducted, the portion of this defense should be stricken.

6. Defendant's claim that his use of force was justified by his need to defend himself and others is supportable under Florida law, which holds that self defense is a bar to a claim for an intentional tort. *See* Fla. Stat. §§ 776.012 (use of force in defense of person) and 776.031 (use of force in defense of oth-

Defendant's Fifth, Eleventh, and Fifteenth Affirmative Defenses do not state affirmative defenses in contemplation of Florida law. The Fifth Affirmative Defense relates to a remedy Defendant may seek post trial, pursuant to Fla. Stat. § 768.78. The Eleventh Affirmative Defense alleges Plaintiffs failed to state a claim upon which relief may be granted merely points out a defect in Plaintiff's prima facie case and does not state an affirmative defense. *See In re Rawson Food Serv. Inc.,* 846 F.2d 1343, 1349 (11th Cir.1988). The Fifteenth Affirmative Defense accurately states that a claim for loss of consortium under Florida law is a derivative claim and that Mrs. Long's claim cannot exist apart from a finding in favor of her husband on his battery claim. However, that is not an affirmative defense as such is defined by Florida courts. Thus, these defenses should be **STRICKEN without prejudice** to Defendant revisiting the claims if and when appropriate.

In sum, all but the Second, Ninth, Twelfth, Fourteenth, Sixteenth, Seventeenth, Twentieth and Twenty–Second Affirmative Defenses are now waived or subject to dismissal on Plaintiffs' Motion and it is so **RECOMMENDED.**

B.

By his Motion (Doc. 99), Defendant argues that summary judgment is warranted on Mr. Long's battery claim because there is no genuine issue of material fact as to Defendant's lack of intent to commit the battery and as to causation. Regarding intent, Defendant urges the evidence shows he did not intend to injure Mr. Long or that his conduct was not substantially certain to result in an injury to Mr. Long. Specifically, Defendant points to his own testimony that he picked up the bottle in self defense as well as the testimony of Thomas McNeice, the manager of Bishop's, who testified that Defendant appeared to be protecting himself.[7] In this regard, Defendant also urges summary judgment is appropriate in light of his claim of self defense. As for causation, Defendant argues Mr. Long cannot establish that his injury resulted from Defendant's conduct. In support, Defendant (1) cites Mr. Long's testimony that he did not recall exactly how he suffered a cut on his hand, (2) urges that Mr. Long's testimony shows he engaged in other confrontations both before and after the one with Defendant and thus cannot be sure who caused his injury, and (3) quotes Mr. Long's testimony that he told the doctors he had been in a fight in the club and his finger had gotten cut, he thought the cut was from some glass, and he also punched somebody in the face. Defendant also notes that Mr. Long's doctors treated him for blunt trauma with an antibiotic used to treat a bacteria typically found in the mouth. Lastly, Defendant contends because Mr. Long cannot prove the battery, his wife's claim for loss of consortium also fails since it is a derivative claim. (Doc. 99 at 7–10).

Plaintiffs argue that the Court previously denied Defendant's first motion for summary judgment based in part on Mr. Long's sworn complaint that Defendant

ers); *Etcher v. Blitch,* 381 So.2d 1119 (Fla. Dist.App.Ct.1979); *Price v. Gray's Guard Serv., Inc.,* 298 So.2d 461, 464 (Fla.Dist.App. Ct.1974). While seemingly inconsistent, where a claim that the injury was accidental is intertwined with a claim of self defense, such that a jury could find that the accident resulted from the justifiable use of force, instruction on self defense or defense of another is "not logically precluded." *See McInnis v. State,* 642 So.2d 831, 832 (Fla.Dist.Ct.App. 1994); *Williams v. State,* 588 So.2d 44, 45 (Fla.Dist.App.Ct.1991).

7. In legal support, Defendant relies on *Rubio v. Lopez,* 445 Fed.Appx. 170 (11th Cir.2011).

intentionally cut him and it should summarily do so again. Moreover, he asserts that more than one witness has established that Defendant was inside the tavern swinging a bottle like a bat and that he struck Mr. Long on his right hand. As for Defendant's intent, Plaintiffs urge there is disputed testimony as to whether Defendant intentionally cut Mr. Long's hand with a bottle and thus the matter should be resolved by a jury. In sum, Plaintiffs urge that the disputed facts preclude the Court from resolving the issues on this motion. (Doc. 112).

As the Court decided on Defendant's first motion for summary judgment (Doc. 64), the proffered evidence establishes genuine issues of material fact as to the allegations of battery. Florida law defines a battery as "the infliction of a harmful or offensive contact upon another with the intent to cause such contact or the apprehension that such contact is imminent." *Colony Ins. Co. v. Barnes,* 189 Fed.Appx. 941, 943 (11th Cir.2006) (quoting *Paul v. Holbrook,* 696 So.2d 1311, 1312 (Fla.Dist.Ct.App.1997)); *Quilling v. Price,* 894 So.2d 1061, 1063 (Fla.Dist.Ct.App. 2005). Thus, to establish a civil cause of action for battery under Florida law, a plaintiff must prove "(1) the intent to cause a harmful or offensive contact with another person,[8] and (2) an offensive contact that directly or indirectly results." *Rubio,* 445 Fed.Appx. at 175 (citing *Chorak v. Naughton,* 409 So.2d 35, 39 (Fla.Dist.Ct.App. 1981)). Florida law also holds that self-defense is an absolute bar to intentional torts such as battery. *See Etcher v. Blitch,* 381 So.2d 1119 (Fla.Dist.Ct.App.1979).

As reflected in the cross motions, Defendant purports to set forth a statement of undisputed facts which, when considered in light of all the proffered evidence, appears selective and self-serving. On the other hand, Plaintiffs rely on both eyewitness testimony and inadmissible hearsay to bolster their version of the events in this barroom brawl while omitting Mr. Long's uncertainty as to how his hand was cut that evening. Nonetheless, by any reading, the parties' contentions regarding the events of this melee at Bishop's Tavern are substantially in dispute.

Defendant's version raises a dispute as to whether he struck Mr. Long and/or whether he intended to cause a harmful or offensive contact with Mr. Long. While Defendant does not deny swinging a bottle, he denies intentionally hitting Mr. Long or causing him injury. *See* Dep. Def. (Doc. 100-2 at 15, 24). Defendant maintains he swung the bottle(s) in an attempt to protect himself and his associates during this melee, *see id.,* and that self-defense is a bar to any finding of liability. He also notes Ray Milton's testimony that Milton did not see Mr. Long get hit with a bottle. *See* Dep. Milton (Doc. 97-2 at 12–13). On the other hand, Plaintiffs contend the evidence shows that Defendant intentionally swung the champagne or vodka bottle striking Mr. Long in the hand, and Mr. Long claims as much as the likely cause of his injury. Mr. Milton testified he stopped Defendant from throwing a bottle, he saw Defendant and "his boys" get in Mr. Long's face, and while he did not see Mr. Long get hit with the bottle, he saw Defendant grab a sec-

8. The intent required "is not necessarily a hostile intent, or a desire to do harm. Where a reasonable man would believe that a particular result was substantially certain to follow, he will be held in the eyes of the law as though he had intended it.... However, the knowledge and appreciation of a risk, short of substantial certainty, is not the equivalent of intent." *Rubio v. Lopez,* No. 8:09-cv-1652-T-30MAP, 2011 WL 398021, at *8 (M.D.Fla. Feb. 3, 2011) (quoting *Spivey v. Battaglia,* 258 So.2d 815, 816–17 (Fla.1972)).

ond bottle and saw Mr. Long's cut.[9] Dep. Milton (Doc. 97–2 at 8, 11–13). Another witness, Thomas McNeice, the manager of Bishop's Tavern, testified that he saw Defendant swinging a bottle in an aggressive manner while cursing and making racial slurs. He claims Mr. Long got hit with a bottle Defendant was swinging because Mr. Long was trying to block and grab him. Dep. McNeice (Doc. 97–6 at 9, 16).

While the Court cannot resolve the disputed testimony on this Motion, it is appropriate to conclude that a jury could resolve the dispute in favor of Plaintiffs by rejecting Defendant's claim that he acted in self defense or in defense of his friends and reasonably inferring that Defendant intended to strike Mr. Long with the bottle in a manner that would constitute a battery under Florida law. *See Paul,* 696 So.2d at 1312 (noting that "[p]roof of intent to commit battery is rarely subject to direct proof, but must be established based on surrounding circumstances.").

The facts pertaining to causation do present a closer call. Defendant contends that even by Mr. Long's version, there is no direct evidence that the bottle swung by Defendant caused the laceration to his hand and Mr. Long merely deduces that fact. *See* Dep. Long (Doc. 100–1 at 63, 75). In Defendant's view, the evidence also allows the conclusion that Mr. Long's injury was caused by blunt trauma and could have also been caused by Mr. Long's other confrontations during this melee or by Mr. Long punching Defendant in the head. *See* Dep. Long (Doc. 100–1 at 38–39, 45, 46, 48). Plaintiffs counter that the evidence on this is disputed but adequate to support their version and withstand the Motion. Thus, they cite testimony from Dr. Nino Kurtsikidze who treated Mr. Long at the emergency room and who characterized Mr. Long's injury as the result of blunt trauma, which includes an unbroken glass bottle. *See* Dep. Kurtsikidze (Doc. 100–6 at 20). The glass bottle Defendant wielded was mostly full, *see* Dep. Def. (Doc. 100–2 at 26), and thus in Plaintiffs' view, it was quite heavy and even more likely to cause injury. Additionally, McNeice testified that he saw Mr. Long get hit with a bottle being swung by Defendant. Dep. McNeice (Doc. 97–6 at 9).

While the Plaintiffs' evidence that Mr. Long's injury was caused by a blow struck by Defendant is both disputed and weakly supported and while the bottle may not be the only plausible cause of Mr. Long's injury, construing the facts in a light most favorable to Plaintiffs, a reasonable jury could conclude that Defendant's wielding and swinging of a bottle during this melee did cause the laceration to Mr. Long's finger. This dispute also is better left to the jury to decide.

Fact disputes also preclude the finding that Defendant acted in self defense during this melee. Although Defendant claims he was in fear for his safety and the safety of his friends, *see* Dep. Def. (Doc. 100–2 at 15, 24), it appears undisputed that the whole melee started after an acquaintance of Defendant's acted inappropriately towards a female member of Bishop's staff. *See* Dep. Zulauf (Doc. 100–2 at 16). By Plaintiffs' version, Defendant was fully a part of the melee when security stepped in to break it up. By Mr. Long's account, he responded in his capacity as a bouncer and sought to quell the fighting. According to his testimony, he only en-

9. In an earlier affidavit which was submitted in support of Plaintiffs' response to Defendant's prior motion for summary judgment, Mr. Milton attested that he saw Defendant get another bottle and that Defendant threw it and hit Mr. Long's hand. Aff. Milton (Doc. 56 at 2).

gaged Defendant because Defendant was swinging a bottle and "fixing" to throw it into a crowd of people. *See* Dep. Long (97–1 at 23–24). By McNeice's testimony, Defendant was wielding a bottle in an aggressive manner while yelling obscenities. He threw a bottle and hit one of his entourage. Thereafter, Defendant was swinging a champagne bottle and before he threw that bottle, he was hit by Mr. Long. *See* Dep. McNeice (Doc. 97–6 at 6–8). Such would appear to contradict Defendant's claim he was not the aggressor but was acting to defend himself or others. While a jury could conceivably find that Defendant was acting in self-defense based on his version of the events, construing the facts in a light most favorable to Plaintiffs, there is sufficient evidence by which a reasonable jury could conclude that Defendant was not acting in self-defense but instead was acting as the aggressor with the intent to harm others or that the harm was substantially certain to follow from his acts.

In sum, on this record the disputed facts make it impossible for the Court to enter a judgment as a matter of law on the battery claim. Because the battery claim is disputed, the loss of consortium claim survives for jury determination as well.

### IV.

For the foregoing reasons, it is **REC-OMMENDED** that Plaintiffs' **Motion for Partial Summary Judgment [to Strike Defendant's Affirmative Defenses]** (Doc. 98) be **GRANTED IN PART** and **DENIED IN PART**. Specifically, it is **REC-OMMENDED** that the Motion be **GRANTED** as to Defendant's First, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Tenth, Eleventh, Thirteenth, Fifteenth, Eighteenth, Nineteenth, Twenty–First,

Twenty–Third, and Twenty–Fourth Affirmative Defenses,[10] and that the Motion be **DENIED** as to Defendant's Second, Ninth, Twelfth, Fourteenth, Sixteen, Seventeenth, Twentieth, and Twenty–Second Affirmative Defenses. It is **RECOMMENDED** further that Defendant's **Motion for Summary Judgment** (Doc. 99) be **DENIED**.

Respectfully submitted this 30th day of June 2014.

---

10. As indicated, Defendant's Fifth, Eleventh, and Fifteenth Affirmative Defenses should be

**STRICKEN without prejudice** to Defendant revisiting the claims if and when appropriate.