[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-12347
Non-Argument Calendar

_____

D.C. Docket No. 1:14-cv-23235-KMW

HENRY TIEN,

Plaintiff-Appellant,

versus

RED COATS, INC.,
d.b.a. Admiral Security Services,
INSURANCE COMPANIES FOR RED COATS, INC.,
ADMIRAL SECURITY SERVICES,
CONTINENTAL CASUALTY COMPANY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 17, 2018)

Before MARCUS, NEWSOM and HULL, Circuit Judges.

PER CURIAM:

Henry Tien, proceeding pro se, appeals a jury verdict in favor of the defendant, Red Coats, Inc., d.b.a. Admiralty Security Services ("RCI"). This case arose from an unrelated federal lawsuit when Tien had gone to a law office to take a deposition and became agitated, yelling and carrying a metal folding chair. While being forcibly removed from the building by an RCI security officer, he was allegedly injured. At trial, a jury found that RCI's security officer had committed battery, but that the battery was justified by self-defense or defense of others. On appeal, Tien argues that: (1) the court erred by excluding some of his witnesses at trial who would have testified about the security officer's reputation and specific past acts, and by refusing to sanction RCI for spoliation; and (2) the jury's verdict should be overturned.[1]  After careful review, we affirm.

We review a district court's evidentiary and spoliation sanctions rulings for abuse of discretion, and will only reverse if the district court made a clear error of judgment or applied the wrong legal standard. ML Healthcare Servs., LLC v. Publix Super Markets, Inc., 881 F.3d 1293, 1297–98 (11th Cir. 2018). We will not reverse a jury verdict based on a district court's evidentiary ruling unless it is manifestly erroneous. U.S. SEC v. Big Apple Consulting USA, Inc., 783 F.3d 786, 810 (11th Cir. 2015). Where a party failed to object to an evidentiary ruling, we

---

[1] We acknowledge that Tien raises additional arguments concerning whether he moved to amend his complaint a third time and whether he should have been able to seek damages for lost or diminished future earning capacity, but we conclude that these arguments are meritless and warrant no further discussion.

review for plain error.  Brough v. Imperial Sterling Ltd., 297 F.3d 1172, 1179 (11th Cir. 2002).  To establish plain error, a party must show (1) an error, (2) that is plain, and (3) that affected his substantial rights. United States v. Turner, 474 F.3d 1265, 1276 (11th Cir. 2007).  If the party satisfies these conditions, we may exercise our discretion to recognize the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.  We will affirm a jury's verdict if "the state of the proof is such that reasonable and impartial minds could reach the conclusion the jury expressed in its verdict." Meeks v. Computer Assocs. Int'l, 15 F.3d 1013, 1016 (11th Cir. 1994) (quoting Deakle v. John E. Graham & Sons, 756 F.2d 821, 827 (11th Cir. 1985).  If there is competent evidence in the record to support the verdict, it should not be disturbed.  Id.

First, we are unpersuaded by Tien's challenges to the evidentiary rulings.  It is true that all relevant evidence, or evidence that makes a fact of consequence more or less probable, is generally admissible at trial.  Fed. R. Evid. 401, 402. However, evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait, except that a witness's credibility may be attacked or supported by testimony about the witness's reputation for truthfulness or untruthfulness, or testimony in the form of an opinion about that character.  Fed. R. Evid. 404(a), 608(a).  Extrinsic evidence is not admissible to prove specific instances of a

3

witness's conduct in order to attack or support the witness's character for truthfulness, unless the evidence is of a criminal conviction.  Fed. R. Evid. 608(b).

When a party alleges that spoliation of evidence has occurred, a court should ask whether sanctions -- including adverse inferences and the exclusion of evidence -- are warranted, based on (1) whether the party seeking sanctions was prejudiced and whether any prejudice was curable, (2) the practical importance of the evidence, (3) whether the spoliating party acted in bad faith, and (3) the potential for abuse if sanctions are not imposed.  ML Healthcare Servs., 881 F.3d at 1307.  If electronically stored information has not been preserved, a court may cure any prejudice and, upon finding that the spoliating party acted with bad faith, (1) presume the lost evidence was unfavorable to the spoliating party, (2) instruct the jury that it may or must presume the evidence was unfavorable to the spoliating party, or (3) dismiss the action or enter a default judgment.  Fed. R. Evid. 37(e).

In ML Healthcare Services, we determined that a district court had not abused its discretion by not issuing an adverse inference instruction or excluding evidence when a defendant provided the plaintiff with the most relevant portion of surveillance footage, which was an hour long.  Id. at 1308–09.  We also held that the defendant had not acted in bad faith, because there was no indication that the remaining footage was destroyed in a manner inconsistent with normal business practices, or that the remaining footage resolved a crucial issue.  Id.

4

As a general rule, an appellant is responsible for "presenting a record that is sufficient to allow [us] to decide the issues presented by the appeal." Mandel v. Max-France, Inc., 704 F.2d 1205, 1206 (11th Cir. 1983) (citing Fed. R. App. P. 10(b)). The Federal Rules of Appellate Procedure specify that if an appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion. Fed. R. App. P. 10(b)(2). We've explained that the appellant has the burden "to ensure the record on appeal is complete, and where a failure to discharge that burden prevents us from reviewing the district court's decision we ordinarily will affirm the judgment." Selman v. Cobb Cty. Sch. Dist., 449 F.3d 1320, 1333 (11th Cir. 2006) (describing the "absence-equals-affirmance rule"); Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002) (applying the requirements of Fed. R. App. P. 10(b)(2) and to pro se appellants).

Here, Tien proceeded to trial below, where a jury entered a verdict in favor of RCI, but Tien has failed to provide us with transcripts of any oral proceedings below. The absence of a transcript precludes us from conducting meaningful appellate review as to why the district court ultimately excluded some of Tien's witnesses, whether it actually excluded others, and whether the issue of spoliation was actually brought to its attention. See Selman, 449 F.3d at 1333. Accordingly, we affirm the district court's evidentiary rulings on this basis. See id.

5

We also reject Tien's challenge to the jury verdict.  Under Florida law, battery is the infliction of a harmful or offensive contact upon another with the intent to cause such contact or the apprehension that such contact is imminent. Quilling v. Price, 894 So. 2d 1061, 1063 (Fla. Dist. Ct. App. 2005).  A person may use non-deadly, reasonable force against another as necessary to defend himself or another against the other's imminent use of unlawful force.  Fla. Stat. § 776.012.

Once again, however, the absence of a transcript precludes us from conducting meaningful appellate review as to what evidence was presented to the jury and whether it supported the jury's verdict.  See Selman, 449 F.3d at 1333; Meeks, 15 F.3d at 1016.  Accordingly, we affirm on this issue as well.  See Selman, 449 F.3d at 1333.

**AFFIRMED.**